CASE 41—INJUNCTION—Nov. 2.

# Matthews, Etc. v. Rogers, Superintendent, Etc.

APPEAL FROM OHIO CIRCUIT COURT.

1. .INJUNCTION—RESTRAINING ORDER.—A temporary restraining order issued by the clerk or other officer without notice is not an injunction that can be reinstated by a judge of this court as provided by section 296 of the Code.

2. GRADED SCHOOLS—POWER OF COUNTY SUPERINTENDENT.—Section 4417 of the Kentucky Statutes does not confer upon the county superintendent the power to remove trustees of graded schools.

GLENN & RINGO FOR THE APPELLANTS.

1. The notice under which it is sought to try and convict appellants is not sufficient and it does not state facts for which the appellee might proceed to try or remove appellants. His attempt to proceed against appellants thereunder is an attempt upon appellee's part to assume legislative authority to create an offense.

2. The graded school established by the Kentucky Statutes is a distinct and separate class of school from the ordinary common school and its officers are a separate class or body from common school officers, and county superintendent has no jurisdiction over the trustees of the graded common school district.

3. The attempt upon the part of the Legislature to delegate to the county superintendent of schools the authority under which he is attempting to try appellants is not authorized by the Constitution of Kentucky and is unconstitutional and void.

Authorities:   Jannin v. State (Texas), 51 S. W. R., 1126; Gaines, &c., v. Buford, 1 Dana, 481; Todd v. Dunlap, &c., 18 Ky. Law Rep., 329; Gibbs v. Board of Comrs., 18 Ky. Law Rep., 341; Hopkins v. Swift, 18 Ky. Law Rep., 526; Page v. Hardin, 8 B. M., 648; Com. v. Jones, 10 Bush, 726; Burkett v. McCarty, 10 Bush, 758; Smith v. Cochran, 7 Bush, 147; Stephens v. Marrs, 19 Ky. Law Rep., 1623; Swango v. Rose, 20 Ky. Law Rep., 1243; Page, Auditor, &c., v. Hardin, 8 B. M., 672; Halbert v. Sparks, 9 Bush, 260; Lowe v. Com., 3 Met., 237; Brown v. Glover, 6 Bush, 1; Sibley v. Smith, 2 Gibbs, (Mich.), 490; Greenough v. Greenough, 11 Pa. St., 489; State v. Mayward, 14 Ill., 420; Alexander v. Bennett, 60 N. Y., 204; Chandler v. Nash, 5 Mich., 417.

Matthews, &c., v. Rogers, Superintendent, &c.

M. L. HEAVRIN & SHELBY TAYLOR FOR APPELLEES.

Counsel discussed the questions of law made by counsel for appellants and upon their contention made the following citations: Ky. Stats., secs. 4436, 4417, 4453, 4464, 4468, 4474, 4480, 4483, 4485, 4471, 4435; Supt. of Common Schools v. Taylor, 20 Ky. L. R., 1241; Stephens v. Marrs, 19 Ky. L. R., 1623; Clark v. McKenzie, 7 Bush, 523; Patterson v. Miller, 2 Met., 493; Leeman v. Hinton, 1 Duv., 37; Hogland v. Carpenter, 4 Bush, 89; Hopkins v. Swift, 100 Ky., 14; Anderson v. Likens, 20 Ky. Law Rep., 1001; Booe, County Judge, v. Kenner, 20 Ky. Law Rep., 1344; Civil Code, sec. 747; Daviess v. Connolly, 20 Ky. Law Rep., 411; King v. Tilford, 18 Ky. Law Rep., 978.

SWEENEY, ELLIS & SWEENEY FOR APPELLEES.

1. The petition does not state any cause of action.
2. The county superintendent has jurisdiction to try the trustees on the charge specified in the notice which is quoted in the petition.
3. The superintendent for the purposes indicated in the notice is a judicial officer, and for cause may revoke the certificate of a teacher or remove a trustee for malfeasance or misfeasance in office. If he has jurisdiction to try such case the circuit court is without jurisdiction to interfere, and its judgment in such a case would be a nullity.
4. Graded common schools are a part of the common school system, and as such are under the control and supervision of the county superintendent.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellants, Matthews, Miller and Mitchell, are trustees of the graded free school at Fordsville, Ohio county; and appellee, Rogers, is the county superintendent of schools in Ohio county.

This action was instituted by appellants, in which they sought to enjoin the appellee from attempting to try or investigate certain charges of misfeasance, and to enjoin appellee from attempting to remove appellants from office. The charges against the appellants as trustees, as stated in the notice served upon them, are: "In this: You have unlawfully, wrongfully and without right, failed and refused to meet with

the other members of said board of trustees after you have been duly notified of said meeting, and you now refuse to meet with said board, or to act or to discharge the duties of the office of trustees, as required by the law, or otherwise; all of which refusals and failures were done with the intent and for the purpose of preventing the board of trustees from transacting any business that might come before it to be transacted, and to prevent said board from employing the necessary teacher and teachers for said district, and to prevent a quorum of said trustees from being present at said meetings, and in this manner defeat the objects for which you were elected, which acts and omissions were done for the purpose of injuring said district, and patrons of said school."

Upon filing their petition, appellants obtained from the clerk of the court, without notice, a restraining order, under section 273 of the Code. Thereupon the appellee gave notice and went before Hon. W. T. Owen, Judge of the Circuit Court of that district; and upon hearing, the judge, in vacation, made an order annulling the temporary restraining order issued by the clerk, but it was provided that the order of dissolution should not be effective for twenty days thereafter. Within the twenty days the appellant, after notice, came before one of the judges of this court, in vacation, and asked for a reinstatement of the restraining order of the clerk.

Upon hearing, this order was made, reinstating the restraining order.

At the regular term of the Ohio Circuit Court a demurrer to the petition was sustained, and, appellants declining to plead further, the petition was dismissed absolutely, and from that judgment this appeal is prosecuted.

It is insisted on behalf of appellee, County Superin-

tendent, that he has power and authority granted him to try, and, if the facts warrant, to dismiss or remove from office, these appellants, trustees of a graded common school district. This power and authority are claimed to be given by sections 4417 and 4453 of the Kentucky Statutes, which are a part of the General Laws (subject, "Schools").

Section 4417 reads:

"For incompetency, neglect of duty, immoral conduct or other disqualification, the county superintendent may suspend or remove from office any trustee or teacher of any school under his supervision." etc.

Section 4453 reads:

For any neglect of duty or misfeasance or malfeasance in office, the trustee shall in addition to being fined as aforesaid, be removed from office by the county superintendent, who, investigating such matters, as well as the matters set out in sections 4417, 4503 and 4506, shall have the same power to issue subpoenas and attachments for witnesses, and to compel their attendance and testimony, as is possessed by the judge of the quarterly court in examining trials of persons charged with offenses against the law," etc.

It may be remarked that, in the act of which the above are sections, section 4417 is under article 5 (subject, "County Superintendent"), and section 4453 is under article 8 (subject, District Trustees"). Sections 4503 and 4506 are under article 11 (subject, "Teachers"). The subject "Graded Common Schools" is article 10, and embraces sections 4464 to 4500, both inclusive.

By reference to section 4445, we find the district trustees are given power to remove a teacher of the com-

mon school, *subject to the approval of the county superin-tendent.* By section 4474 the trustees of graded common schools are given power to employ teachers and fix compensation, and may suspend or dismiss them, or any other person appointed or employed by them. In this there is no provision that their action shall be subject to the approval of the county superintendent. Section 4506 provides, among other things: "Teachers shall faithfully enforce in school the course of study, the use of the text books adopted in the county, and the regulations prescribed in pursuance of law; and if any teacher shall wilfully refuse or neglect to comply with such regulations, the county superintendent on petition or complaint of the trustees, may remove or dismiss him; . . . but no teacher shall be required or under any obligation to teach any other than the common school branches prescribed by the State Board of Education in the common schools, unless it shall be so specified in a written contract with the trustees."

It is perfectly manifest that this last-above section (4506) applies to common schools, and not to graded schools. There would be no necessity of a petition or complaint by the graded-school trustees to the county superintendent. If they saw fit, the graded-school trustees could dismiss the teacher without calling in the county superintendent. Again, the graded-school trustees may prescribe branches above those of the common school, and require such to be taught. Section 4474.

By section 4436, which is under article 8 (subject, "District Trustees"), the county superintendent is given power to fill vacancies in the office of trustee by appointment. This section can not apply to graded-school trustees, as by section 4471 it

is expressly provided that the remaining trustees in office shall fill, by appointment, the vacancy. Section 4436 does not mention district trustee or common-school trustee. The term is general,—"a vacancy in the office of trustee." But its being a part of article 8 (subject, "District Trustees"), and also the fact that section 4471 expressly names graded-school trustee, leave no room for doubt that in graded common schools the county superintendent can not fill a vacancy.

It is equally clear that section 4453 does not apply to graded-school trustees. That section is applicable to district or common-school trustees.

It follows that unless section 4417 gives the county superintendent power to remove, dismiss, suspend or try the trustees of graded schools for incompetence, immorals, neglect of duty or other disqualification, the power does not exist.

Section 4417, as we have seen, does not apply to the teachers of graded schools. The power to dismiss or suspend teachers in graded schools is given to the trustees of such schools, and their action is not subject to the approval of the county superintendent.

By section 4417 the county superintendent is given no more authority over the teacher than he is given over the trustee; so it necessarily follows that, as the section does not apply to the graded-school teacher, it also does not apply to the graded-school trustee.

Besides, this is consistent with the general principle maintained. The county superintendent, as to common-school trustees, can remove and appoint, but, as to graded-school trustees, he can not appoint, and therefore he is not given power to remove. The whole management of the graded-school district is left

[16]

with its six trustees. They make by-laws and rules for the government of themselves and their appointees, and for the control, government and management of the schools, as they may deem necessary. Section 4473. There is no provision that in this regard the county superintendent has aught to say. They may prescribe any course of study, above the common-school branches; and require it to be taught, and may even require the teacher to undergo an examination by them, although the county superintendent has issued him a certificate. We are clearly of opinion that appellee is not given the power he sought to exercise in the trial of appellants. It results, therefore, that the court erred in sustaining the demurrer and dismissing the petition.

From the view we have taken, that no authority is given under the law to the county superintendent to try or dismiss appellants from the office of trustees of the graded-school district, it becomes unnecessary to determine whether the power given under sections 4417 and 4453 to the county superintendent is null and void, as being prohibited by the constitution.

Counsel, in argument, requested the court to render an opinion herein on the right to reinstate an injunction or temporary restraining order made at the commencement of an action, under section 273 of the Code. As has been recited, in this case the appellants procured, without notice, a temporary restraining order from the clerk of the court, and upon notice and hearing before the circuit judge that order was set aside. Appellants then applied to one of the judges of this court for a reinstatement of the order granted by the clerk, which the judge allowed. No question was made before the judge reinstating the re-

straining order, and his attention was not called to the provisions of the Code.

While it is unnecessary in deciding this case to decide this question, we have determined to lay down a rule for the guidance of the bar and litigants, as it is possible the law may never be settled in this matter otherwise.

The whole court unanimously agree that a temporary restraining order issued by the clerk or other officer without notice is not an injunction that can be reinstated by a judge of this court as provided by section 296 of the Code.

The provision of the Code for a restraining order issued without notice is an emergency proceeding. If issued by a court or judge, it is provided by section 276 that a reasonable time and place, not exceeding ten days, shall be fixed, at which the applicant shall move the court or judge to grant an injunction; and it is provided further that such order shall not remain in force a greater length of time than ten days after the day fixed in the order for a hearing.

This provision makes it clear that an order issued by a court or judge without notice can not remain in force longer than twenty days, at which time it must cease to be valid, if an injunction has not been granted. The order issued by the clerk remains in force till set aside or modified, or until the injunction is granted. The defendant, where a restraining order is granted by the clerk, gives notice, and the case is heard before the circuit judge. This hearing is in reality an application for an injunction. The defendant asks that the restraining order be set aside, and the plaintiff asks for an injunction pending the litigation. If the judge or court sustains the plaintiff's motion, there is an injunction;

244          KENTUCKY REPORTS.          [Vol. 107

but, if the defendant's motion be sustained, the temporary restraining order is set aside, and no injunction is granted.

In short, a judge of this court will not reinstate an order of injunction unless before the time of its making the applicant therefor had given the adverse party notice of the application, or the time and place was fixed by the court or judge, as provided by section 276 of the Code. Any order granted without notice is a mere temporary restraining order, and such orders a judge of this court can not reinstate. To do so would be granting an injunction here after it was refused by a circuit court or judge, and for which action on our part we know of no authority.

For the reasons indicated, the judgment of the circuit court is reversed, and cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.

. The whole court considered this case.