CASE 42—APPLICATION FOR REINSTATEMENT OF AN INJUNCTION.

# St. Bernard Coal Co., &c., v. Pittsburg Coal Co., &c.

Held: 1. On May 9, 1891, D. W. Gatlin, clerk of the Hopkins circuit court, granted a temporary restraining order in accordance with the prayer of the petition. A motion to dissolve the order was heard by the circuit judge on June 1st, and he made an order dissolving the injunction, but in order to give the plaintiff an opportunity to apply to the court of appeals for a reinstatement, granted a temporary injunction, and then on his own motion dissolved the same. Held, by a majority of the court that no injunction was ever granted by the circuit judge; that his order was a refusal to grant it and for this reason there is nothing to reinstate.

2. The alleged order of injunction is fatally defective for the reason that it does not appear from the record that any bond was given, or that any injunction was ever issued.

3. In so far as the opinion in the case of Poyntz v. Shackelford holds otherwise and sanctions the practice of granting and refusing an order of injunction at the same time and in the same order it is overruled.

OPINION OF THE COURT BY JUDGE BURNAM, OVERRULING APPLICATION TO REINSTATE.

This is an application under section 297 of the Civil Code for the reinstatement of an injunction which purports to have been granted and dissolved by the judge of the fourth judicial district. It appears that on the 9th day of May, 1901, D. W. Gatlin, the clerk of the Hopkins circuit court, granted a temporary restraining order in accordance with the prayer of the petition. A motion to dissolve this restraining order was heard by the judge on the first day of June, and he thereupon directed the entry of the following order:

"The court, having considered the evidence and heard the argument for plaintiff and defendant, and being ad-

vised, is of the opinion, and so adjudges, that the temporary restraining order issued on the 9th day of May, was erroneously issued, and the same is now set aside, and the said temporary restraining order is dissolved, cancelled, set aside, and held for naught; but, in order that the plaintiffs may, *under the law as fixed by the court of appeals in this State,* apply for a reinstatement of the temporary injunction, which this court now refuses on the record before it, and on the law and the facts, the court, for the purpose of giving the plaintiffs an opportunity to apply to a judge of the court of appeals, and to have the question herein passed on, on that ground and for that purpose alone, grants a temporary injunction against the defendant for closing down the mines of the plaintiffs or from compelling any or either of their employes to stop work or quit the service of plaintiffs or to abandon his contract. The court, on its own motion, now dissolves the temporary injunction as aforesaid granted, and the plaintiffs are now given leave to apply to a judge of the court of appeals of Kentucky to reinstate the said injunction within twenty days."

The power given by section 297 of the Civil Code to a judge of the court of appeals to dissolve, modify or reinstate an injunction is purely revisory; they have no original jurisdiction to grant such an order, and until an injunction has been granted by the circuit judge as provided by sections 276 and 278 of the Civil Code, they are not authorized to act in the matter at all. Matthews, etc., v. Rogers Sup., 107 Ky., 236 (21 R., 905). The first question therefore, to be determined is, whether an injunction has actually been granted in this case by the circuit judge. The order is contradictory in its terms. It says: "The temporary restraining order of the clerk is dissolved, set aside, and

held for naught, and an injunction refused on the law and facts," but grants a temporary injunction and immediately dissolves it, *under the law as fixed by the court of appeals*, to enable the plaintiff to apply to a judge of this court for a reinstatement thereof. The order does not purport to have been issued pursuant to or in conformity with any provision of the Code or the statutes, but, as is recited, it is issued alone under the law *as fixed by the court of appeals*. This language is unusual, but in view of the history of orders of this character, we can not say that it does not correctly set out the only authority on which it really rests. There is certainly no provision of the statutory law of the State in our opinion which contemplates or authorizes the entry of such an order. It seems to owe its existence exclusively to the courts of the State. A somewhat similar order has in recent years been passed upon by individual judges of the court of appeals, but the only case in which it seems to have been considered by the court of appeals is the case of Poyntz v. Shackelford, 107 Ky., 546 (21 R., 1386). In that case it was held by a majority of the court, in an opinion by the chief justice, that a chancellor might so shape his order refusing to grant the injunction as to give the plaintiff the right to apply to a judge of the court of appeals for a reinstatement of it. The opinion of the able judge on this point is not fortified by any authority, and his reasoning in my opinion fails to support his conclusion. The very terse and vigorous dissenting opinion by Judge DuRelle, which was concurred in by three judges of this court, clearly demonstrates its fallacy and error. He says: "The first question here is whether this court, or any judge thereof, upon application made to him, will, for the purpose of taking jurisdiction, regard what was actually done by the

order, or what the circuit judge recited to have been done without regard to its truth. Upon this question it would seem that there could not be two plausible opinions."

"This court has always regarded the substance of judgments, rather than their form, in deciding upon jurisdictional questions. For the avowed purpose of giving to one party the right to make application to a judge of the court of appeals for a decision of the legal question, the circuit judge entered an order, and in the same breath modified it. It is unnecessary to discuss the motive or propriety of the circuit judge's desire to give the right to such application to one party rather than to the other. The question presented here is as to the power of the circuit judge, and the power to enter an order which shall be valid for the purpose of giving jurisdiction to a judge of this court, but void for all other purposes, does not, in my judgment, exist, and would be extremely pernicious if it did. If the circuit judge may do this for the purpose of giving jurisdiction to a judge of this court on behalf of one party in a case like this, what reason is there that the circuit court may not do so in another? Consider for a moment: Jurisdiction upon appeal is regulated by the amount in controversy. As to the defendant, the amount in controversy, unless there be a counter claim, is regulated by the amount of the judgment against him. Suppose that a chancellor, for the avowed purpose of giving the appellate court jurisdiction of the case, render a judgment for $200, with promise that if the defendant did not within a certain period appeal, the judgment for all above $100 should be void. Is it to be supposed for a moment that this court would take jurisdiction of such appeal? So in this case: Neither this court, nor any judge thereof, has any jurisdiction to consider or determine upon

the rights of the parties, because there is no order which can be brought to a judge of this court except an order which might have been brought here by the defendants, granting an injunction against them for twenty days. An order which annuls itself is no order at all. An order which partly annuls itself is, *pro tanto*, no order. The action of the circuit judge was beyond his power for the purpose avowed or for any purpose."

"But it is sought to be justified or excused upon the ground that there is an apparent want of equity in allowing the right to apply to a judge of this court to the defendant, against whom the injunction was granted, and not to the plaintiff, to whom relief was refused. So much has been said recently of the court's want of power to consider a question of legislative policy that this suggestion seems hardly worthy to be considered. But it might be suggested that there is a good reason for the legislative discretion. The General Assembly, in effect, said to the litigants in an injunction suit: "There is an existing status in the relation between you. An injunction is an extraordinary remedy. If by means of the extraordinary remedy, a circuit judge alters the existing status we give to the litigant against whom it is disturbed a right to apply to a judge of the higher court to restore the pre-existing status. Not so, however, if this relief is refused by the circuit judge. There the circuit judge, having refused to alter the status, the party seeking the relief is presumed not to be entitled to it; and as the extraordinary remedy has not been granted to the disturbance of the existing state, there is no occasion to permit an application to a judge of the court of appeals. But whether the reason for the legislative distinction was a good one or a bad one, the fact remains that in giving this to one and denying it

to the other party, the Legislature exercised an undoubted and unquestioned power belonging to it; and it is not for the circuit judge to nullify the statute by entering an order which nullifies itself. And this court, by all proper rules of construction, is as impotent as the circuit court in controlling a question of legislative policy, or even considering it, except in so far as it may shed light on the meaning of the Legislature."

As this question of practice is one of great importance, I felt it my duty to follow the precedent established by Judge Hazelrigg in the case of Poyntz v. Shackelford, and submit the question to all the members of the court. And it is the opinion of the majority of the court, as now constituted, that no injunction was ever granted by the circuit judge in this case; that his order was in reality a refusal to grant the injunction, and for this reason, there is nothing to reinstate under the application in this case.

In so far as the opinion in the case of Poyntz v. Shackelford holds otherwise and sanctions the practice of granting and refusing an order of injunction at the same time and in the same order, it is overruled, and should not hereafter be indulged in.

The alleged order of injunction in this case is fatally defective for another reason. Subsection 3, section 278, of the Civil Code, provides that the judge or officer granting the injunction: "Shall, in the order granting it, fix the amount of the bond to be given, and may prescribe its terms. If the terms of the bond be not prescribed it shall be to the effect that the party giving it will be liable to the party enjoined for such damages as he may sustain if it be finally decided that the injunction ought not to have been granted."

And section 279 provides that, "the order of injunction shall not be issued by the clerk until the bond as required by section 278, with good security of the party obtaining the injunction, shall have been executed in his office."

The order of the judge in this case fails to fix the amount of the bond, and it does not appear from the record that any bond was actually executed, or order of injunction issued by the clerk. The conclusion we have reached on this preliminary question renders a consideration of the case upon its merits impossible.

For reasons indicated, the application for the reinstatement of the injunction must be overruled.