Kelley, &c. v. Pulaski Stave Co.

CASE 92.—PROCEEDINGS BY KELLEY, &c., AGAINST THE
         PULASKI STAVE CO. TO REINSTATE A RESTRAIN-
         ING ORDER MADE BY THE CLERK OF THE COURT
         —October 2, 1907.

# Kelley, &c. v. Pulaski Stave Co.

Appeal from Pike Circuit Court.

From the judgment Brown's administrator appeals.
—Affirmed.

1. Injunctions—Notice—Restraining Order—Intention.—An in-
   junction is granted only after notice. Failure to give notice
   renders the order of injunction void. A restraining order is
   intended to maintain the status quo until the parties may by
   due notice bring the question whether the injunction should
   be granted before an officer authorized to grant it.

2. Same—Distinction—Irreparable Injury.—The distinction be-
   tween restraining orders and injunctions is, that the former
   are issued only when, owing to some threatened immediate
   injury that would be irreparable, it would be impracticable to
   give notice of an application for an injunction.

3. Same—Power of Appellate Judge.—A judge of the Court of
   Appeals has not the power to grant an injunction in any case.

4. Same—Dissolution—Modification—Motion to Reinstate—When
   an injunction is dissolved or modified by the court before
   final judgment, or by a circuit judge, the plaintiff may apply
   to a judge of the Court of Appeals to reinstate it (Civil Code,
   sec. 297), or when an injunction has been granted or con-
   tinued by interlocutory order, the party may apply to a judge
   of the Court of Appeals for its dissolution or modification.
   (Civil Code section 296, sub-section 2.)

5. Same—Authority of Circuit Courts—Appeal.—A temporary
   restraining order may be set aside or modified by the court
   or by any circuit judge, but not by any other tribunal or offi-
   cial. Nor is there an appeal from the judgment of the court,
   or of the circuit judge from any interlocutory judgment modi-
   fying or dissolving a temporary restraining order.

. 6.    Same—Ancillary Remedy—Action at Law.—An order of injunction, except it is granted as a final judgment, is ancillary to the principal action, and may be granted in an action at law as well as in an equitable action.

GRANT E. LILY for appellants.

GOURLEY, REDWINE & GOURLEY for appellees.

MOTION HEARD IN CHAMBERS BY CHIEF JUSTICE O'REAR—Motion overruled.

. The plaintiff in an action at law in the nature of an action of trespass obtained a restraining order from the clerk of the Lee circuit court against the defendants cutting and removing timber from a certain boundary of land claimed in the petition to belong to the plaintiffs. The temporary restraining order was granted by the clerk without notice to the defendants because of the immediate urgency set forth in the plaintiff's complaint. The order was granted under section 276 of the Civil Code of Practice. The defendants gave notice of an application to his honor Watts Parker, the judge of the Fayette circuit court, to dissolve the restraining order. Upon hearing the judge did dissolve it. The application is to a judge of the Court of Appeals to reinstate it.

The question for decision is, has a judge of the Court of Appeals jurisdiction in the matter? It was held in Mathews v. Rogers, 107 Ky., 236, 53 S. W., 413, and in Jones v. Walter, 70 S. W., 191, 24 Ky. Law Rep., 878, that he has not. These opinions were intended for the guidance of all the judicial officers in this Commonwealth, as well as of lawyers and litigants in the practice of injunction proceedings. I do not feel at liberty to depart from the rule there indicated, even if I did not concur in the correctness

of the court's interpretation of the statutes. A frequent recurrence of motions to reinstate restraining orders indicates that many of the bar have failed to note the distinction drawn by the court in those cases between restraining orders and injunctions. It will be noted that restraining orders are issued only when, owing to some threatened immediate injury that would be irreparable, it would be impracticable to give notice of an application for an injunction. Such restraining orders may be issued either by the court, any circuit judge, the clerk of the court, or the county judge, if the judge of the court be absent from the county, or by two justices of the peace if the judge and the clerk of the court and county judge be absent from the county. It is denominated a "temporary restraining order." It is intended to maintain the status quo until the parties may by due notice bring the question whether an injunction should be granted before an officer authorized to grant it. An injunction is granted only after notice. It may be no broader than the restraining order. But it differs from the former in the particular of the manner of its obtention. It may be granted by the court or any of the officers above named. Failure to give notice renders the order of injunction void. Weaver v. Toney, 107 Ky., 419, 54 S. W., 732, 50 L. R. A., 105. An injunction granted by any other officer than a circuit judge or the court may be dissolved upon notice by the court in which the action is pending, or by any circuit judge. Section 290, Civ. Code.

When an injunction is dissolved or modified by the court before final judgment, or by a circuit judge, the plaintiffs may apply to a judge of the Court of Appeals to reinstate it (section 297, Civ. Code Prac.);

or, where an injunction has been granted or con-
tinued by interlocutory order, the party enjoined
may apply to a judge of the Court of Appeals for the
dissolution or modification of the injunction (sub-
section 2, section 296, Civ. Code Prac.). The juris-
diction of a judge of the Court of Appeals is purely
statutory. The beginning and the limit of it is within
the sections of the statutes quoted. A judge of the
Court of Appeals has not the power to grant an in-
junction in any case. As to the temporary restrain-
ing orders mentioned in section 276 of the Civil Code
of Practice, they may be set aside or modified by the
court, or by any circuit judge, but not by any other
tribunal or official. Nor is there power or jurisdic-
tion vested anywhere under our statutes for an ap-
peal from the judgment of the court or of the circuit
judge from an interlocutory judgment modifying or
dissolving a temporary restraining order. If a
judge of the Court of Appeals could review the ac-
tion of a circuit judge in setting aside a restraining
order, or by requiring him to continue it, the effect
would be that the appellate judge would grant an in-
junction which had never been granted.

The point is made in this case that an injunction
cannot be granted in an action at law. I think this
an erroneous assumption. The order of an injunction
and the kindred temporary restraining order, as
practiced in this State, are statutory remedies, and,
except where granted as a final judgment in an ac-
tion, are ancilliary to the principal action. The Code
provisions on the subject do not abolish the common-
law jurisdiction attaching to courts of equity to grant
injunctions in such matters as those courts have
granted from ancient times. The Code provisions
merely regulate the practice in such cases. They

also go further, and allow the order of injunction to issue in any case where the facts justify the application of the ancilliary remedy of injunction within the terms of the law as written in the Code.

The motion to reinstate the restraining order in this case, for the reasons above given, is overruled.

All the judges concur.