CASE 18.—APPLICATION TO A JUDGE OF THE COURT OF
APPEALS TO REINSTATE A RESTRAINING OR-
DER OBTAINED FROM A CLERK OF THE LEE
CIRCUIT COURT IN AN ACTION OF ONE KELLY
AND OTHERS AGAINST THE PULASKI STAVE
CO. AND OTHERS AND BY THE JUDGE OF THE
SAID CIRCUIT COURT SUBSEQUENTLY DIS-
SOLVED.—November 15.

# Kelly v. Pulaski Stave Co.

Motion to reinstate restraining order overruled.
Motion heard in chambers.

1. Courts—Appellate Courts—Jurisdiction to Reinstate Restrain-
ing Order.—Civil Code  Prac., section 297, provides that,
where an injunction is dissolved or modified by the court
before final judgment or by a circuit judge, plaintiff may
apply to a judge of the court of appeals to reinstate it.  Sec-
tion 296, subsection 2, provides that, where an injunction has
been granted or continued by interlocutory order, the party
enjoined may apply to a judge of the court of appeals for
the dissolution or modification of the injunction.  Section 276
provides that, where the court or officer to whom application
for an injunction is made shall be satisfied an irreparable
injury will result to applicant from the delay of giving notice,
the court or officer may enter a temporary order restraining
the acts sought to be enjoined.  Held, That a judge of the
court of appeals was without jurisdiction of an application to
reinstate a restraining order granted under section 276 and
dissolved by the judge of the lower court; such restraining
order not being an injunction within section 297 or section
296, subsection 2.
2. Injunction—Right to—Statutory Provisions.—An injunction or
temporary restraining order may be granted in an action at
law; the Code provisions on the subject not abolishing the
common-law jurisdiction attaching to courts of equity to
grant injunctions, but merely regulating the practice.

GRANT E. LILY for plaintiffs.

GOURLEY, REDWINE & GOURLEY for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
In chambers.

The plaintiff in an action at law in the nature of
an action of trespass obtained a restraining order
from the clerk of the Lee circuit court against the
defendant's cutting and removing timber from a cer-
tain boundary of land, claimed in the petition to be-
long to the plaintiff. The temporary restraining
order was granted by the clerk without notice to the
defendants because of the immediate urgency set
forth in the plaintiffs' complaint. The order was
granted under section 276 of the Civil Code of Prac-
tice. The defendants gave notice of an application
to his honor Watts Parker, the judge of the Fayette
circuit court, to dissolve the restraining order. Upon
hearing the judge did dissolve it. The application
is to a Judge of the Court of Appeals to reinstate it.

The question for decision is, has a Judge of the
Court of Appeals jurisdiction in the matter? It was
held in Matthews v. Rogers, 107 Ky. 236, 21 Ky. Law
Rep. 905, 53 S. W. 413, and in Jones v. Walter, 70 S.
W. 191, 24 Ky. Law Rep. 878, that he has not. These
opinions were intended for the guidance of all the
judicial officers of this Commonwealth, as well as of
lawyers and litigants in the practice of injunction
proceedings. I do not feel at liberty to depart from
the rule there indicated, even if I did not concur in the
correctness of the court's interpretation of the stat-
utes. A frequent recurrence of motions to reinstate
restraining orders indicates that many of the bar
have failed to note the distinction drawn by the

Kelly v. Pulaski Stave Co.

court in those cases between restraining orders and injunctions. It will be noted that restraining orders are issued only when, owing to some threatened immediate injury that would be irreparable, it would be impracticable to give notice of an application for an injunction. Such restraining orders may be issued either by the court, or any circuit judge, the clerk of the court, or the county judge, if the judge of the court be absent from the county, or by two justices of the peace if the judge and the clerk of the court and county judge be absent from the county. It is denominated a "temporary restraining order." It is intended to maintain the status quo until the parties may by due notice bring the question whether an injunction should be granted before an officer authorized to grant it. An injunction is granted only after notice. It may be no broader than the restraining order. But it differs from the former in the particular of the manner of its obtention. It may be granted by the court or any of the officers above named. Failure to give notice renders the order of injunction void. Weaver v. Toney, 107 Ky. 419, 21 Ky. Law Rep. 1157, 54 S. W. 732, 50 L. R. A. 105. An injunction granted by any other officer than a circuit judge or the court may be dissolved upon notice by the court in which the action is pending, or by any circuit judge. Section 290, Civ. Code Prac.

When an injunction is dissolved or modified by the court before final judgment, or by a circuit judge, the plaintiff may apply to a Judge of the Court of Appeals to reinstate it (section 297, Civ. Code Prac.) ; or, where an injunction has been granted or continued by interlocutory order, the party enjoined may apply to a Judge of the Court of Appeals for the dissolution or modification of the injunction (subsection 2, sec-

tion 296, Civ. Code Prac.). The jurisdiction of a Judge of the Court of Appeals is purely statutory. The beginning and the limit of it is within the sections of the statutes quoted. A Judge of the Court of Appeals has not the power to grant an injunction in any case. As to the temporary restraining orders mentioned in section 276 of the Civil Code of Practice, they may be set aside or modified by the court, or by any circuit judge, but not by an other tribunal or official. Nor is there power or jurisdiction vested anywhere under our statutes for an appeal from the judgment of the court or of the circut judge from an interlocutory judgment modifying or dissolving a temporary restraining order. If a Judge of the Court of Appeals could review the action of a circuit judge in setting aside a restraining order, or by requiring him to continue it, the effect would be that the appellate judge would grant an injunction which had never been granted.

The point is made in this case that an injunction cannot be granted in an action at law. I think this an erroneous assumption. The order of injunction and the kindred temporary restraining order, as practiced in this State, are statutory remedies, and, except where granted as a final judgment in an action, are ancillary to the principal action. The Code provisions on the subject do not abolish the common-law jurisdiction attaching to courts of equity to grant injunctions in such matters as those courts have granted from ancient times. But the Code regulates the practice in such cases. It also goes further, and allows the order of injunction to issue in any case where the facts justify the application of the ancillary remedy of injunction within the terms of the law as written in the Code.

Thomas v. Cincinnati, N. O. & T. P. Ry. Co., &c.

The motion to reinstate the restraining order in this case, for the reasons above given, is overruled. All the Judges concur.