## Moss, et al. v. Eubank, et al.

(Decided September 27, 1917.)

### Appeal from Montgomery Circuit Court.

1. Injunction—Reinstatement.—An injunction or order issued by the clerk of the court, the county judge, or other officer mentioned in section 273 of the Civil Code of Practice, after notice and hearing, may be reinstated on motion before a member of the Court of Appeals, as is provided by sections 296 and 297 of the code, if it is dissolved by the circuit judge, as is provided by section 290 of the code. However, such an order will not be reinstated by a member of the Court of Appeals if the original order was issued upon an ex parte application, and without notice.

2. Schools and School Districts—Teachers—Board of Education.— If a school has been designated and created by the county board of education as a county high school, the authority for the employment of teachers in the entire school is with the county board of education, and the trustee of the district in which the high school is created has no authority to appoint or designate teachers in the school, not even for the branches taught in the common school before it was designated as a high school.

R. H. WINN and W. B. WHITE for plaintiffs.

H. R. PREWITT for defendants.

OPINION BY JUDGE THOMAS—Overruling motion to reinstate the injunction.

Prior to May 7, 1917, sub-district No. 2 of educational division No. 1, in Montgomery county, was a com-

mon school district which had theretofore been made by consolidating other districts as provided by law.

On the date mentioned the Board of Education of Montgomery county, under the provisions of section 211 of chapter 22, Acts 1916 (same being sub-section 8, section 4426a, Kentucky Statutes), established a county high school within the sub-district and designated its school house as the place for the conducting of such high school. As long as the district was a common school the teachers therein were employed upon nomination and recommendation in writing to the division board by the sub-district trustee, it being made the duty of the division board to employ those nominated and recommended by the trustee if they possessed the necessary qualifications, and there existed no reasonable objections thereto. (Sections 82 and 95, chapter 22, of said acts; sub-division 6, section 4426a, Kentucky Statutes.)

The plaintiff, Moss, is, and was before the designation of the district as a high school, school trustee therein, and, claiming the right after such designation to appoint the teachers for the common school theretofore existing in the district, consisting of the first eight grades, he recommended to the division board qualified persons therefor, but the county board of education, claiming the right itself to select the teachers after it became a high school, declined to recognize or to employ any of those recommended by the trustee, and insisted upon the employment of teachers of its own selection for the entire school, including those for all the grades to be taught therein, which authority it claimed under the provisions of sub-section 2 of section 212 of the same chapter and acts, and sub-division 14 of section 4426a of the Kentucky Statutes.

The plaintiff, Moss, individually, and as such trustee, in conjunction with the other plaintiffs who are citizens of the district, taxpayers therein and patrons of the school, filed this suit against the members of the county board of education, seeking to enjoin them as members of such board from employing or permitting those whom they had selected to teach the school and to compel them to employ or permit those designated by the trustee to teach in the common school all the grades up to and including the eighth.

The petition was filed in the Montgomery circuit court on August 8, 1917, and the judge of that court being absent from the county, the motion for the injunction

was heard before the county judge of the county, after notice, and he, upon hearing, granted the injunction, which was afterwards, upon notice and hearing, dissolved by the circuit judge. A motion has been made to reinstate the injunction granted by the county judge before a member of this court, which motion was heard before Judges Settle, Carroll, and the writer of this opinion.

A question of practice is raised by the insistence of counsel for defendants that the motion to reinstate the injunction cannot, under the provisions of section 296 of the Civil Code of Practice, be entertained by a member of this court, and in support of this contention we are cited to the cases of Mathews v. Rogers, 107 Ky. 236; St. Bernard Coal Company v. Pittsburg Coal Company, 112 Ky. 418; Jones v. Walters, 24 Ky. L. R. 878; Kelly v. Pulaski Stave Co., 127 Ky. 155: same case, 139 Ky. 707, and other cases of like import.

An examination of those cases will show that the order subsequently dissolved by the circuit judge and sought to be reinstated before a member of this court, and which was originally granted by an officer mentioned in section 273 of the Civil Code other than a circuit judge, was granted upon the filing of the petition and without notice or hearing to the defendant. This fact is emphasized in each of the opinions as the sole reason for denying the right to apply to a member of this court to reinstate the order under the provisions of section 296.

As an example of this, in the Rogers case it is said: "The whole court unanimously agree that a temporary restraining order issued by the clerk or other officer without notice is not an injunction that can be reinstated by a judge of this court as provided by section 296 of the code."

In the second Kelly, case, supra, the court distinguishes between a "temporary restraining order" issued without notice and an injunction issued after notice, saying:

"It will be noted that restraining orders are issued only when, owing to some threatened immediate injury that would be irreparable, it would be impracticable to give notice of an application for an injunction. Such restraining orders may be issued either by the court, any circuit judge, the clerk of the court, or the county judge, if the judge of the court be absent from the county, or by two justices of the peace if the judge and the

clerk of the court and county judge be absent from the county. It is denominated a 'temporary restraining order.' It is intended to maintain the *status quo* until the parties may by due notice bring the question whether an injunction should be granted before an officer authorized to grant it. An injunction is granted only after notice. It may be no broader than the restraining order. But it differs from the former in the particular of the manner of its obtention.''

It will thus be seen that under whatever designation the order may be referred to in the various sections of the code pertaining to the issuing of injunctions, if it be issued without notice and upon *ex parte* application it is not strictly or technically an injunction, but only a ''temporary restraining order'' for the purpose of holding conditions *in statu quo* until a hearing can be had upon the merits of the case. If, after such hearing, it is determined that the restraining process should again issue or be continued, the order to that effect is an injunction. Indeed, this distinction is pointed out by section 276 of the code, wherein it is said:

''An *injunction* shall be granted only upon reasonable notice, in writing, to the party sought to be enjoined, of the time and place of the application therefor, and of the court or officer to whom the application is to be made.''

Further along in the same section provision is made whereby ''a temporary order restraining the act or acts sought to be enjoined'' may be issued without notice if it shall appear ''that irreparable injury will result to the applicant from the delay of giving notice,'' but it will be observed that such an order is referred to as ''a temporary order restraining,'' etc.

The reason for the rule as announced by the cases, *supra,* is that until an injunction (issued after notice and hearing) has been granted there is nothing for a judge of this court to reinstate upon application under the provisions of section 296, and if he entertained the motion and reinstated the restraining order (issued without notice) he would at least indirectly issue an injunction for which there is no authority. Kelley v. Pulaski Stave Co., 127 Ky. 155. If, however, the order was issued after notice and hearing, which, as we have seen, is an injunction, there is nothing found in any of the cases referred to which would prevent a member of this court, upon due and proper application, from reinstating it

after it had been dissolved by a circuit judge. In that case, for a member of this court to reinstate the order as originally issued would not be the granting by him of an injunction, but would be the rehabilitating of an injunction which had been granted in the original instance. Neither is there anything found in section 290 of the code militating against this. That section only provides how a motion made before a circuit judge to dissolve or modify an injunction or a restraining order shall be tried, which is *de novo*, but this does not mean that such trial shall be considered as an original application for either the injunction or restraining order, but only that it shall be heard anew and upon evidence then introduced and not upon the record as previously made before the officer issuing the order. We are not, however, without expressions from this court upon the point under consideration. In the case of Morgan v. Goode, 151 Ky. 284, the precise facts which we have here were before Judge Miller upon motion made before him to dissolve certain injunctions which had been issued by the clerk of the court, which the record shows to have been done by him *after notice*. They were afterward dissolved by the circuit judge, and Judge Miller, who had associated with him the members of the Western Division of this court, took jurisdiction and reinstated the injunctions originally issued by the clerk. The facts thus being stated in the opinion:

"The circuit court clerk granted the injunctions; but, upon a trial of that question before the circuit judge, the injunctions were dissolved, and the plaintiffs have, pursuant to notice, and the provisions of section 297 of the Civil Code of Practice, applied to me, as a judge of the Court of Appeals, to reinstate the injunctions, pending the preparation and trial of the actions in the circuit court. At my invitation, the Western Division of the court heard the oral argument, and the whole court has participated in its decision, and six judges thereof approve the conclusion reached in this opinion."

Later, in the case of Walker v. Goode, 153 Ky. 795, which was one of the cases heard by Judge Miller in the case of Morgan v. Goode, the objection was made that Judge Miller had no jurisdiction to reinstate the injunction, under the authority of Mathews v. Rogers, and the other cases, *supra*, and this court, through Judge Lassing, disposed of that contention by saying:

"This argument is based upon the idea that a judge of this court is without authority to pass upon, or review, the ruling of a chancellor in dissolving a temporary injunction which has been issued by a clerk without notice. The correctness of this position depends upon whether or not notice had been given the opposing party, before application was made for a temporary injunction. The question might properly have been raised when the motion to have the injunction reinstated was made before Justice Miller, but it was not, and its determination now can be of no service in deciding the questions under consideration, but, in fairness to Justice Miller, it may be said, in passing, that the record in the case as presented to him shows that notice was given prior to the application for an injunction of the intended application, and the record further shows that it was an injunction and not a temporary restraining order that was issued."

In the still later case of McCreary County, &c. v. Bryant, County Treasurer, &c., 173 Ky. 363, the same facts were again presented to a member of this court upon a motion to reinstate an injunction issued after notice by the clerk and subsequently dissolved by the circuit judge. The motion was made before Judge Carroll, who called to his aid the members of the Eastern Division of the court. Jurisdiction of the motion was taken, and the merits of the case considered, but the motion was dismissed, not, however, for want of jurisdiction, but because the circuit judge who dissolved the injunction granted by the clerk of the court failed to fix a time, in his order dissolving it, within which application might be made to a judge of this court to reinstate it, as is required by section 296 of the code, it not appearing from the record that there was any request made for the fixing of such time. The reason given for declining to entertain the motion is thus stated:

"In the absence of an order made by the court or judge giving time in which to apply to a judge of the Court of Appeals for a reinstatement of the injunction, a judge of the Court of Appeals has no authority to reinstate it, for, as I have said, I must look alone to the order made by the circuit judge, and if this order fails to show that time was given, I must presume that it was not requested, although of course this presumption can be overcome in a direct proceeding against the judge by mandamus.

"It is provided in section 297 of the code that 'a judge of the Court of Appeals, if the plaintiff have secured the right to apply for a reinstatement of an injunction . . . may . . . reinstate the same in whole or in part.' Therefore, the jurisdiction of a judge of this court to reinstate an injunction depends on the fact whether the plaintiff secured the right to apply for its reinstatement."

It will thus be seen that in each instance wherein the question has been presented jurisdiction of a member of this court to entertain a motion to reinstate an injunction originally issued by a subordinate officer to the circuit judge, upon notice, has been upheld; whereas, in all the cases where such jurisdiction has been denied, the order sought to be reinstated was issued upon an *ex parte* application, *and without notice.* The objection, therefore, made by defendants' counsel cannot be upheld.

Considering now the merits of the case, it is conceded that before the designation by the county board of education of the school in question as a county high school the authority was vested in the district trustee to nominate and appoint suitable teachers for the branches to be taught in that character of school, who were to be employed by the division board if there existed no legal objections. But, after the school is designated and becomes a county high school, sub-section 2 of section 212, chapter 24, of the Acts of 1916, *supra,* provides:

"When county high schools shall be established as provided in this act, it shall be the duty of the county board of education to employ and fix salaries of said teachers necessary to the efficient conduct of said high school and prescribe the course of study to be pursued, but said course of study shall not be below the standard fixed by the State Board of Education."

It surely cannot be insisted that the school, after having been designated and established as a high school, can be partly a high school and partly a common school, so as to vest the authority in the district trustee to employ the teachers for the latter, while the county board of education would possess the authority to employ the teachers for the former. This would necessarily create such a conflict of accountability among the teachers as to greatly impair, if not wholly destroy, their efficiency as teachers, and in many cases would create conditions which would greatly retard the progress of the school; for it might be that a teacher employed after the school

had been designated and established as a high school
would be assigned to teach classes coming within the
grades of both the common and the high school. This,
however, could not be done if the teachers were employed
under separate authority. In the latter case the teach-
ers employed for the grades in the common school might
not possess the interest in, or zeal for, the success of the
institution as a high school, and *vice versa.* Each set of
teachers would most likely consider their duties per-
formed when they gave satisfaction to their employer in
the particular department in which they were employed,
whilst if there were but one employing authority, all the
teachers would feel the necessity of making the school
a success as a whole. Moreover, the language of the
statute in designating the authority for the employment
of teachers in a county high school is, according to our
view, susceptible of but one interpretation, which is, that
they shall be employed by the county board of education.
If it had been intended by the legislature to confine the
authority of the county board of education to the employ-
ment of teachers for the high school branches, only, it
would have been an easy matter to have said so. There
is no intimation that the authority given to the county
board of education in sub-section 2 of section 212, *supra,*
is confined to the employment of teachers for the branches
to be taught in the grades of the high school, only. On
the contrary, the language is: "It shall be the duty of
the county board of education to employ and fix salaries
of said teachers," etc. We cannot presume, as is sug-
gested, that the county board of education, in order to
extend its authority, would designate an undue number
of high schools so as to deprive the local trustees of the
authority to select teachers. To indulge that presump-
tion would require us to impute to the members of the
board sinister, if not dishonest, purposes, so that they
might arrogate to themselves additional burdens and in-
crease their already troublesome and annoying duties.
This we are not inclined to do, in order to arrive at a
construction which is contrary to the terms of the stat-
ute, and which we think would destroy the harmony and
unity of purpose necessary to the success of the school
among those charged with conducting it.

We find nothing in the two cases of County Board of
Education of Christian County, et al. v. Board of Trus-
tees Hopkinsville Public School, 154 Ky. 309, and Mun-
fordville Mercantile Company v. Board of Trustees Dis-

trict No. 39, et al., 155 Ky. 382, referred to by plaintiffs' counsel, opposed to the views herein expressed. Each of those cases dealt with questions arising between the county board of education and the city graded schools under contracts between the board of education and the governing authorities of the graded schools for the establishment of a high school, and the question of the authority governing the two characters of schools to employ teachers was not presented or considered.

We, therefore, conclude that the circuit judge properly dissolved the injunction, and the motion to reinstate it is overruled.