## Conley v. Carty, Superintendent of Schools, et al.

(Decided Nov. 21, 1933.)

A. H. ALLEN and W. R. PRATER for appellant.

H. H. RAMEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Walter Conley filed suit in the Magoffin circuit court against D. J. Carty, superintendent of schools, the members of the board of education of Magoffin county, and Mrs. D. J. Carty, alleging that Bruce Stevens, Willie Shepherd, and Kenner Sayler who were duly elected, acting, and qualified trustees of common

school subdistrict 16 of Magoffin county had, in writing and as provided by statute, recommended his employment as a teacher in that subdistrict to fill a vacancy occasioned by the resignation of the teacher formerly employed; that he was over 21 years of age at the time and the holder of a certificate authorizing him to teach in such subdistrict, but that the board illegally failed and refused to follow this recommendation of the trustees as required by law and employed and entered into a contract with Mrs. D. J. Carty to fill the vacancy. He further alleged that he had been unable to obtain other employment as a teacher or otherwise and prayed judgment for damages alleged to have been sustained by him by reason of having been deprived of employment, and for a writ of mandamus against the county superintendent and members of the board of education directing them to convene and employ and enter into a contract with him to fill the vacancy caused by the resignation of the teacher formerly employed; and that they be enjoined and restrained from paying to Mrs. Carty the compensation allowed by law for teaching the school.

By joint answer defendants controverted the allegations of the petition and in a second paragraph affirmatively alleged that the school in the district in question was formerly a common school, but that in conformity with the provisions of the statute, the county board of education had, by appropriate orders, converted it into a county high school and that the county board of education had authority to employ all teachers without regard to the recommendations of the subdistrict trustees.

It was stipulated by the parties that by order of the county board of education, common school subdistrict No. 16 of Royalton in Magoffin county had been converted into a high school and by later order provision was made for fourth year work in such high school. It further appears from the stipulation that while there has been some agitation for a rescission of these orders, no definite action to that end has been taken and the school continues to be conducted as a county high school.

The cause having been submitted on the pleadings and the stipulation, it was adjudged that the petition

be dismissed and plaintiff denied mandatory or other relief thereby sought; and he is appealing.

The precise question presented by this appeal has been before this court a number of times and in each instance has been decided adverse to appellant's contention. Where a common school of a county has been converted into a county high school, by proper orders of the county board of education, such board is authorized to employ all necessary teachers, both in the common school and high school branches without regard to written recommendations that may be made by sub-district trustees. Moss v. Eubank, 176 Ky. 739, 197 S. W. 425; Hale v. County Board of Education of Calloway County, 213 Ky. 366, 281 S. W. 168. See, also, the case of Stith et al. v. Powell, Superintendent, etc., 251 Ky. 155, 64 S. W. (2d) 491, decided November 3, 1933, and cases therein cited.

Viewing the record in the light of these authorities, it is manifest that the finding of the chancellor was correct.

Judgment affirmed.