CASE 69—PETITION EQUITY—OCTOBER 10.

# Rodman vs. Forline's administrator, &c.

### APPEAL FROM LARUE CIRCUIT COURT.

1. The jurisdiction of the court of appeals extends only to the *final* orders and judgments of the inferior courts. (*Civil Code, secs.* 15, 574.)

2. Vendee obtained an injunction restraining his vendor from the enforcement of a judgment which had been rendered against him upon a note for the purchase money of a town lot, upon the ground that the contract of sale and purchase was executory, that the title of the vendor was defective, and that his estate was probably insolvent. He prayed that the vendor be compelled to exhibit the title, that the contract might be specifically executed, and for all other proper relief. Subsequently the court made an order dissolving the injunction on the motion of the defendant in the action, and continued the cause. *Held*—That the order dissolving the injunction was not such a final order or judgment as to authorize an appeal.

3. In such case if an error be committed in dissolving an injunction, the remedy is prescribed by sections 326 and 327 of Civil Code.

JOHN RODMAN, for appellant, cited *sec.* 14, *Civil Code, as to right to set up the defense where the facts have been discovered since the judgment; Ib., sec.* 574, *as to the right of appeal.*

WINTERSMITH, for appellees. No appeal lies. (*Civil Code, sec.* 327.)

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

In this action the appellant obtained an injunction restraining the appellees from the enforcement of a judgment which had been rendered against the appellant upon a note he had executed to Forline for the purchase money of a lot in the town of Hodgenville. The grounds of the injunction were, that the contract of sale and purchase was executory; that the title of the vendor was defective, and that his estate was probably insolvent. The appellant prayed that the appellees might be compelled to exhibit the title of their ancestor to the lot in question, that the contract might be specifically executed, and for all other proper relief.

It appears from the record that at the November term 1858, the court made an order dissolving the injunction, on the motion of the appellees, and continuing the cause. To reverse that order the present appeal is prosecuted.

By the Civil Code, the jurisdiction of this court extends only to the *final* orders and judgments of the inferior courts. (*Sections* 15, 574.) Was the dissolution of the injunction in this case a final order or judgment?

This injunction was allowed as a provisional remedy. It was incidental and auxiliary merely to the ultimate and substantial relief sought by the action, which consisted of either a specific execution of the appellant's contract of purchase, or a rescission of it, upon equitable terms, depending upon the sufficiency or insufficiency of the title which might be exhibited. The record shows that the *action* was left still pending at the time the order complained of was made, and it may be that the very relief asked by the appellant in his original petition— the exhibition of a valid title, and a specific execution of the contract—has been already awarded him by the judgment of the court. If so, a mandate of this court directing a perpetuation of the injunction, or even a reinstatement of it, would be anomalous, if not absurd.

If the court committed an error in dissolving the injunction, the appellant was not without a plain and adequate remedy. He had nothing to do but to ask that the court should make the order of dissolution to take effect within twenty days thereafter, and to apply, in the meantime, to a judge of the court of appeals for a reinstatement of the injunction according to sections 326 and 327 of the Code.

It results from what has been said that the order in question cannot be considered such a final order or judgment as to authorize an appeal.

The appeal is therefore dismissed for want of jurisdiction.