*Coale & Johnson, for appellants.*

---

## G. C. WARE'S ADMR. *v.* MATILDA WILSON.

**Appeal—Final Orders—Jurisdiction.**

An order of court, reviving an action for breach of promise, upon suggestion of the death of the defendant, is not such a final order as, by consent of the parties, will give the Appellate Court jurisdiction.

**Same.**

Orders dissolving injunctions are not such final orders, as can confer jurisdiction on the Appellate Court.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 11, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was an action for breach of promise of marriage and seduction by appellee against decedent, George Clifton Ware, and issues were made in his life-time, but before trial he died.

Within proper time appellee moved for a revivor against the executor, which he opposed and the court took time to consider for one or more terms, and before determination the executor died and this appellant was appointed administrator *de bonis non* with the will annexed, after which the plaintiff, upon notice and service, moved the court for a revivor, which was granted over appellant's objections, after which on affidavit filed he moved to set aside the revivor, because no demand accompanied by affidavits, as required by the statutes, had been made of him, wherefore the court set aside the revivor, when the demand with proper affidavits was made, and then the court made another order of revivor, all this being at the same term of the court.

The administrator appealed and presented for consideration,

1. That said action does not survive the death of either party, even by the provision of chapter 10, Revised Statutes, 223.

2. That the order of revivor was not made within the time prescribed by law, therefore, the suit should have been abated even if it could otherwise have been revived.

And there is a third question as to our jurisdiction.

As said by this court in *Owsley vs. Gay, 17 B. Mon., 145,* when the rights of the parties are settled, but the decree is interlocutory to ascertain the extent of such rights by consent that it be final for the purpose of appeal, this court has jurisdiction, but that there are exceptional cases.

An order of court, however, overruling a motion to discharge an attachment is not such final order as will give jurisdiction, even by consent, notes to section 15, Civil Code.

Orders dissolving injunctions are not such final orders as that consent can confer jurisdiction, *Radman vs. Fortune, 2 Met., 325.*

This order settles no rights in litigation in the original suit, nor nor is it conclusive, for it may be considered and revived on final hearng if found to be erroneous.

This court having no jurisdiction, the consent of parties can give none, and whatever we might determine the one way or the other would be extra judicial and not binding on this or other court on the final determination of the litigation, nor on the parties.

Wherefore, the appeal is dismissed for want of jurisdiction.

*Johnson Goodloe, Carr & Huston, for appellant.*

*Buckner, for appellee.*