# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### MACKAYE v. MALLORY (two cases).

(Circuit Court of Appeals, Second Circuit. February 23, 1897.)

APPEALABLE FINAL DECREES—ORDER OF REVIVAL.

    An order entered in the original cause, reviving the suit in the name of complainant's administrator, is not a final appealable decree.

Appeals from the Circuit Court of the United States for the Southern District of New York.

Carter & Ledyard, for appellant.

E. W. Tyler, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. These are appeals by the defendant from an order in each cause admitting the administratrix of the estate of Steele Mackaye, deceased, to prosecute the cause. In one cause Steele Mackaye was the complainant, and in the other he was the complainant in a cross bill. Upon his death his administratrix filed a bill of revivor in each case, and the defendant interposed an answer. In the answers the defendant alleged facts which he insisted established that during a period of about 12 years the original complainant, through negligence and laches, had wholly failed to prosecute the actions, and that the actions had been practically abandoned by the parties at the time of his death. The court below was of the opinion that the revival of the suits by the administratrix was a matter of right under section 955, Rev. St. U. S.; that the defenses alleged in the answers were unavailing; that the filing of bills of revivor was unnecessary; and that, instead of decrees upon the bills of revivor adjudging the actions to stand revived, orders should be entered to that effect in the original causes. The appellant assigns as error that the court below should have sustained the defenses set up in the answers, and should have dismissed the bills of revivor. We are of opinion that these orders cannot be reviewed except by an appeal from the final decree in the causes. Inasmuch as a bill of revivor is not an original suit, but is merely a continuance of an origi-

79 F.—1

nal suit (Clarke v. Matthewson, 12 Pet. 164), it is not clear that an order or decree thereon would be a final decision, within the meaning of section 6 of the act of congress of March 3, 1891, conferring jurisdiction upon this court to hear appeals.    A decision is final, in the sense in which an appeal from it is permitted, when it decides and disposes of the whole merits of the cause as between the parties to the appeal, reserving no further questions or directions for the future judgment of the court; so that to bring the cause again before the court for decision will not be necessary.    When a bill of revivor is dismissed, as this would practically determine the original cause by leaving it in a situation in which no further proceedings could be had in it, doubtless an appeal would lie in favor of the party seeking a revival; but, if the revival is allowed, the order or decree allowing it does not finally dispose of the cause, and can be reviewed, if it becomes necessary, by an appeal from the final decree therein. Buckingham v. McLean, 13 How. 150; Railroad Co. v. Soutter, 2 Wall. 520, 521.    In Fretz v. Stoner, 22 Wall. 198, upon an appeal from a final decree in a cause in which a bill of revivor had been brought, the court considered the defenses which had been interposed by the answer to the bill of revivor.    In Terry v. Sharon, 131 U. S. 40, 9 Sup. Ct. 705, the court held that an appeal by a defendant would lie from an order reviving a suit and admitting an executor in the place of the deceased complainant.    That case is distinguishable from the present, however, in the circumstance that the original suit had passed to a final decree, and the defendant would have had no opportunity to review the order by appealing from that decree.

In the present case there was no decree upon the bills of review, and the orders are merely interlocutory orders in the cause, and are strictly analogous to an order in a suit at law entered on a suggestion upon the record admitting the legal representative of a deceased party to continue the action.    Hatfield v. Bushnell, 1 Blatchf. 393, Fed. Cas. No. 6,211.

The appeals are dismissed.