## BLUM v. PULASKI COUNTY.

Opinion delivered October 25, 1909.

APPEAL AND ERROR—FINAL JUDGMENT.—An order reviving a cause against the executor of a deceased defendant is not a final judgment, and an appeal cannot be prosecuted until a final decree is entered.

Appeal from Pulaski Chancery Court; *Joseph E. Martineau,* Chancellor; appeal dismissed.

*J. W. House,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Jones & Hamiter,* and *Carmichael, Brooks & Powers,* for appellee.

PER CURIAM. An action was instituted on behalf of the county of Pulaski in the chancery court of that county against R. A. Furth and another. Furth died during the pendency of the action, and appellant Blum qualified as executor. On motion of appellee, the chancery court entered an order reviving the cause as to the estate of Furth in the name of appellant as executor, and he took an appeal to this court. He contends that the order of revivor was entered after the time within which the statute authorizes the same, and that the court erred in so doing. Appellee now moves the court to dismiss the appeal on the ground that the order of revivor was not final, the action being still pending, and that the appeal is premature. The statutes relating to the subject are as follows:

"Sec. 6312. An order to revive an action against the personal representatives of a defendant, or against him and the heirs or devisees of the defendant, can not be made, unless by consent, until after six months from the qualification of the personal representatives.

"Sec. 6313. An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made. * * *

"Sec. 6315. When it appears to the court by affidavit that either party to an action has been dead, or, where he sues or is sued as a personal representative, that his powers have ceased for a period so long that the action cannot be revived in the names of his representatives or successor without the consent of both parties, it shall order the action to be stricken from the docket." Kirby's Digest.

The court is of the opinion that the order is not final in the sense that it concludes the rights of the parties to the action, and that the appeal in this case is premature. The order does not end the action, even if it be erroneous, for the action is still pending. The error of reviving the action, if error it be, is like any other erroneous ruling of the court, to be reviewed on appeal from the final decree in the cause. In *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160, we held that an order of court vacating a judgment rendered at a former term of the court was a final one, and was appealable. This upon the ground that it concluded the rights of the parties in the former judgment, which had become final at the lapse of the term, and that the party in whose favor it was rendered had the right to appeal from the subsequent judgment and order disturbing his rights therein. A different question is presented in this case, for here no judgment has ever been rendered which finally concludes the rights of the parties. The action is still pending, and any error committed by the court during the progress of the proceedings may be corrected on appeal taken when the final decree is entered.

So the appeal is dismissed.