## Zornes v. Chesapeake & Ohio Railway Company.

(Decided October 2, 1917.)

### Appeal from Mason Circuit Court.

Master and Servant—Master Not Liable if Servant Injured in Doing Something He Was Not Required to do or Something Outside of His Employment.—Where a servant working for a railroad company undertook to descend by means of a block and tackle from a trestle to the ground, the company was not liable for injuries sustained by him by reason of the failure of another employe to properly adjust the block and tackle, as the injured servant was not directed or required in the course of his employment to use it in that way. The company was under no duty to keep it safe for the purpose for which he attempted to use it, or to anticipate that he would undertake to descend to the ground by means of it.

ALLAN D. COLE and H. W. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

As an employe of the railway company Zornes was working with a crew of men that were engaged in elevating a trestle about 25 feet high on which the tracks were laid. The manner of doing the work was this: Large timbers were placed in an upright position under the trestle and by means of a jack these timbers would be gradually raised until the trestle was brought up to the desired level. The timbers used were raised from the ground to their upright position by means of a block and tackle, which was hooked to a chain looped around the guard rail on top of the trestle, the other end of the tackle being fastened around the timber. Engaged in this work were three or four men on top of the trestle and six or eight on the ground, Zornes being with the men on the ground.

One of the men on top of the trestle was Lamblen, and he had looped the chain to which the block and tackle was to be fastened around the guard rail. At this time Zornes, who was on the ground, called to Lamblen and asked him if he had the block and tackle, and Lamblen replied that he did not see it. Thereupon Zornes left the place where he was working and went on top of the trestle, where he found the block and tackle about 300 feet from the place where Lamblen was standing, and picking it up he carried it to Lamblen, who hooked the tackle into the chain which he had previously looped around the guard rail. When this had been done, Zornes got on the stone abutment supporting the trestle and caught hold of the block and tackle for the purpose of sliding down on it to the ground. When he took hold of it for this purpose the chain onto which the block and tackle had been hooked pulled loose, causing Zornes to fall to the ground and receive the injuries of which he complains.

At the conclusion of the evidence for the plaintiff, Zornes, the trial court instructed the jury to find a verdict for the railway company, and Zornes appeals.

Counsel for Zornes contend that the case should have gone to the jury upon the grounds: (1) that the accident was due to the negligence of Lamblen; (2) because of the failure to provide Zornes with a reasonably safe place in which to do his work; and (3) on account of the failure of the company to see that the implements employed in the work were kept in a reasonably safe condition.

On the other hand, counsel for the railway company contend that the trial court correctly directed the verdict upon the ground that Zornes was injured as the result of attempting to make an improper and unwarranted use of an instrumentality which had been furnished by the company for an entirely different purpose.

We are of the opinion that the ruling of the trial court may well be sustained upon the ground that Zornes was injured on account of his effort to descend from the trestle by means of the block and tackle, thereby putting it to a use for which it was not intended and to a purpose entirely different from the purpose for which it had been placed there. The correctness of this position depends on the facts, and so we will set them out with a little more detail for the purpose of demonstrating that the undisputed evidence shows that Zornes was injured while doing something not in the course of his employment, and which in the ordinary scope of his duties he was not required to do, and something that the company was under no duty to anticipate he would do or to make provision for his safety in the event he made the attempt.

Zornes, the only witness in his behalf who gave material evidence upon the point in issue, testified, in substance, that he was on the ground under the trestle and Lamblen was on top of the trestle; that he asked Lamblen where the block and tackle was, and Lamblen said it was not up there, and thereupon he walked around and climbed on top of the trestle and found the block and tackle and took it to Lamblen, who before that had put around the guard rail a chain with a ring on one end; that Lamblen should have put the other end of the chain through the ring and then hooked the block and tackle to the end of the chain that had been put through the ring; that if the chain around the guard rail had been adjusted in this way and the block and tackle hooked to the end of the chain that had been put through the ring, the chain could not have come loose from the guard rail; that Lamblen was a very careful man, but for some reason he apparently hooked the block and tackle in the link in the end of the chain without first putting the chain through the ring.

He further testified that the foreman did not order him to get the block and tackle or take it to Lamblen, although the foreman had given general directions to the men to do whatever they found necessary to be done; that it took him longer to go from the ground up on the

trestle and carry the block and tackle from the place on the trestle where it was than it would have taken Lamblen to have walked back on the trestle and gotten it himself; that the chain was put around the guard rail while he was on the ground and that Lamblen hooked the block and tackle to the chain in his presence; that if he had looked he could have seen that the chain had not been put through the ring and would have known that the block and tackle would fall with his weight, but that he did not look to see whether it had been properly adjusted or not, nor did he know how it was fastened; that he went from the top of the trestle to a projection on the abutment under the track on the trestle and then took hold of the block and tackle for the purpose of sliding down it, and was doing this when it came loose and fell; that he had been working on and about the trestle for about three weeks, but had never gone down on the block and tackle before this time, nor had any of the other men; that the block and tackle was for the purpose of raising the timbers.

It is plain from this evidence that Zornes, at the time he was injured, was not doing anything that he had been directed to do, or that the duties of his employment required him to do, or that it was customary for men engaged in work on the trestle to do. The block and tackle was not intended for use by the men in either climbing up or down. It was intended to be and was used exclusively for the purpose of lifting in an upright position the timbers to be placed under the trestle.

It is also clear that in attempting to go from the trestle to the ground by the method he employed, Zornes undertook to do a thing that the company was not charged with any duty to anticipate he might do, or with any duty to provide for his safety in the event he made the effort. In going down this block and tackle Zornes was a pure volunteer, acting entirely outside the line of his employment, and the company cannot be held liable for the accident that happened to him.

In Smith v. Trimble, 111 Ky. 861, Smith, while papering certain rooms in a house, was injured by stepping onto a balcony where it was not necessary he should have gone and where it was not anticipated he would go. In holding that there could be no recovery by him for the injuries sustained, the court said:

"And when appellant, without invitation or knowledge of the owner, went into or upon other parts of the

premises, not necessary for the performance of his labor, he assumed all the risks of doing so. He was neither required, expected, nor allured to be at the place where he was injured, and consequently appellee was under no duty to him to provide there a place of safety." Other cases announcing the same general rule are: Wilson v. Chesapeake & Ohio Ry. Co., 130 Ky. 182; Louisville & Nashville R. R. Co. v. Pendleton, 126 Ky. 605; Courier-Journal Job Printing Co. v. Haag, 155 Ky. 248; Southern Ry. Co. v. Pope, 133 Ky. 835.

The judgment is affirmed.