## Bennett, et al. v. Blankenship.

(Decided October 30, 1917.)

## Appeal from Ohio Circuit Court.

1. Mandamus—Circuit Judge May Not Issue in Vacation.—A circuit judge, in vacation, is not authorized to grant a writ of mandamus, though pending the motion, he may make temporary orders for preventing damage or injury to the applicant, until the motion is decided.

2. Mandamus—Order Overruling Motion for Mandamus Not Final Order.—The order overruling a motion for a writ of mandamus made by a circuit judge, in vacation, is not such an order as may be appealed from to the Court of Appeals, nor can a judge of such court, sitting in chambers, revise or set aside the order of the circuit judge, in vacation, overruling such motion.

3. Mandamus—Appeal From Order Granting or Denying.—A writ of mandamus can be granted, only, by a judgment of a court, and from a judgment granting or denying such writ an appeal may be had to the Court of Appeals.

4. Injunction—Authority of Court of Appeals.—Section 297, Civil Code, authorizes a litigant to apply to a judge of the Court of Appeals to reinstate an injunction, which has been granted and thereafter dissolved; or to move to have an injunction, which has been granted, modified or dissolved, but such judge is without authority to grant an injunction or to revise or set aside the order of a circuit court or circuit judge denying an injunction, and the Court of Appeals is without authority to review the decision of a circuit judge or court denying an injunction, except upon an appeal from a final judgment, in the case.

J. S. GLENN, BEN D. RINGO and G. B. LIKENS for appellants.

HEAVRIN & MARTIN, W. P. SANDIDGE and G. W. JOLLY for appellee.

OPINION OF THE COURT BY JUDGE HURT—Overruling motion to docket, advance and determine case.

At the regular primary election held in August, 1917, S. E. Bennett, L. B. Tichenor, Guy E. Robertson, Ozna Schultz, Newton R. Baize, J. R. Weller, D. Melvin Stewart, J. S. Glenn, Joe Smith, R. C. Tichenor, J. Y. Hagerman, B. W. Taylor, Isaac Keown, and J. S. Wilson, whom for convenience we will call appellants, respectively, received a nomination of the Democratic party for a county office, or an office of a district, of Ohio county. Certain ones, of them, did not have any opposition for the nominations for which they were candidates, and the county court clerk issued and delivered to each of them a certifi-

cate of nomination, as provided by law in such states of case. The others had opposing candidates for the nomination for which they were candidates and the certificates of nomination were made out for them and signed by the board of election commissioners, but the certificates were not delivered to them, but were placed in a book, which contained certain records of the board of election commissioners, and this book was lodged among the records of the office of the clerk of the county court, and remained in this book, so far as is known, until a time, which was less than fifteen days before the regular coming November election. Those to whom the clerk issued certificates of nomination did not return them to nor file them in the county court clerk's office fifteen days previous to the November election. When a time had arrived, which was less than fifteen days, preceding the November election, the county court clerk, W. C. Blankenship, whom we call the appellee, who was a candidate for re-election to the office, announced his intention to refuse to cause the names of the appellants to be printed upon the official ballots to be used at the election. Thereupon, on the 24th day of October, 1917, the appellants filed a petition in the office of the clerk of the circuit court of Ohio county against the clerk of the county court, in which the relief prayed for was, that the circuit court, "by a writ of mandamus or mandatory injunction," would require the clerk of the county court to cause their names to be printed upon the ballot, under the devise of the Democratic party, as candidates for the respective offices for which they had been nominated. On the 25th day of October, they gave notice to the appellee, that on that day, in the room, wherein the circuit court is held, at the court house in Owensboro, Daviess county, they would make a motion before the judge of the judicial district, in which Ohio county is situated, for an order "directing and compelling" the clerk to cause their names to be printed upon the official ballot. The granting of the proposed order was resisted by the clerk, and the judge sustained a demurrer to the petition and overruled the motion to grant any kind of a writ to require the clerk to cause their names to be printed upon the ballots. No election was made, as to whether the remedy sought was a writ of mandamus or a mandatory injunction. The petition was not dismissed and the case was not otherwise disposed of.

Upon the 29th day of October, the appellants having given notice of their intention to do so, produced the original record of the proceedings, before the judges of this court, sitting in chambers, and moved them to order the cause placed upon the docket of this court, to advance, to hear and determine it. The motion was resisted by the appellee, who filed a special demurrer, with a reservation, that his appearance was solely for that purpose, to the jurisdiction of the Court of Appeals, and to any judge of it, to hear or consider the matters in controversy in the action.

The Court of Appeals is, under the state of the record, precluded from determining upon their merits, the matters in controversy and therefore no opinion is expressed in regard to them. The plaintiffs below did not define the motion, which they made before the circuit judge, as being either a motion for a writ of mandamus or a motion for a mandatory injunction. If it should be considered a motion for a writ of mandamus, the order overruling the motion is one from which no appeal could lie to the Court of Appeals, nor could it be reviewed or set aside by a judge of this court, as this court has appellate jurisdiction only of appeals from the final judgments of inferior courts, and not from orders made by a judge in vacation. Sections 474 to and including section 477, of the Civil Code, relating to writs of mandamus, provide that such a writ can be granted only by a court, and hence a circuit judge in vacation has no authority to grant a writ of mandamus. Hager, Auditor, v. New South Brewing Co., 28 R. 895. It is true that section 476, Civil Code, provides that during the pendency of a motion for a writ of mandamus, the court or judge, in vacation, may make temporary orders for preventing damage or injury to the applicant, until the motion is decided, but it is provided by section 475, Civil Code, that the court shall hear and decide all questions of law and facts on the motion and the granting or refusal of the writ by the court shall be the final order on the motion from which an appeal may be prosecuted. A motion for a temporary order to prevent damage to the applicants was not made before the circuit judge. There is no provision of the code or any statute, which authorizes a motion before a judge of this court to set aside, modify or to reverse the decision of a circuit judge, in vacation, overruling a motion for a writ of mandamus.

If the motion before the circuit court is to be considered a motion for a mandatory injunction, neither can the Court of Appeals entertain an appeal from an order of a circuit judge made in vacation, overruling a motion for a mandatory injunction, applied for and refused, pending the action and before a final judgment in the case in the court in which the action is pending.  Rodman v. Forline, 2 Met. 325.  Section 297, Civil Code, provides for a motion before a judge of this court to have an injunction, which has been granted, to be dissolved or modified, or to have an injunction, which has been granted and thereafter dissolved, before the rendition of a final judgment in the case, reinstated, where the party has secured the right to apply for a reinstatement, but those proceedings can be resorted to, only when an injunction has been granted.  Where an injunction has never been granted, a reinstatement of it, as a matter of course, can not be applied for, neither can one apply to have an injunction dissolved or modified, which does not exist.  A judge of this court is without authority to grant an injunction.  Kelly v. Pulaski Stave Co., 127 Ky. 155; Pendergest v. Heekin, 94 Ky. 384; E. R. R. Co. v. Ashland R. R. Co., 94 Ky. 478; City of Newport v. Veith, 144 Ky. 501; Jones v. Walter, 24 R. 879; St. Bernard Coal Co. v. Pittsburg Coal Co., 112 Ky. 419; Matthews v. Roberts, 107 Ky. 236; Moss v. Eubank, 176 Ky. 769, and many other opinions of this court sustaining the same doctrine. Hence, the order of the circuit judge, in vacation, from which the appeal herein is proposed to be prosecuted, is not such an order as the Court of Appeals has authority to entertain an appeal from, and a judge of this court is without authority in the premises.

It is therefore ordered that the motion of the appellants be overruled.  All the judges of this court heard this motion and concur in the conclusions, except Judge Miller, who was absent at his home.