## Hollingsworth, et al. v. Avey, et al.

(Decided December 3, 1918.).

### Appeal from Hickman Circuit Court.

Injunction—Grounds for Modifying or Dissolving.—The Court of Appeals is without jurisdiction to review the order of a circuit court or the judge thereof granting or dissolving an injunction, except upon an appeal from a final judgment in the case. In such case the remedy of the complaining party is declared by the Civil Code, section 297, which authorizes him to apply within twenty days to a judge of the Court of Appeals for the dissolution or modification of the injunction granted by the circuit court or judge, or for its reinstatement, if dissolved by such court or judge; and this remedy is exclusive.

R. B. FLATT for appellants.

E. T. BULLOCK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Dismissing appeal.

This is an appeal from an order (called in the record a judgment) entered in chambers at Mayfield, this state, by the circuit judge of the first judicial district, dissolving an injunction granted by the clerk of the Hickman circuit court, at the suit of the appellants, J. H. Hollingsworth, E. G. Hollingsworth and Robert Hollingsworth, and after due notice to the appellees, E. W. Avey and J. O. Evans, to restrain the collection of an execution in the hands of Evans as sheriff of Hickman county, issued upon a judgment of the circuit court of that county recovered against the appellants by the appellee Avey.

The case is an aftermath of that of J. H. Hollingsworth v. E. W. Avey, appealed from the Hickman circuit court, this day decided by us in an opinion affirming the judgment of that court, which opinion will be found in 182 Ky. 334. As stated in that opinion, the appeal it disposed of was the second one taken in the case from a judgment of $1,532.76, recovered by the appellee, E. W. Avey, of the appellant, J. H. Hollingsworth, in the Hickman circuit court. The first appeal was dismissed by the Court of Appeals, and as the judgment from which that appeal was prosecuted had been superseded by the execution of the necessary bond the appellee Avey was awarded as against the appellant, J. H. Hollingsworth, the ten per cent. damages allowed by law following such a dismissal; and upon the return of the case to the circuit court, that court, in obedience to the judgment and mandate of the Court of Appeals, gave appellee judgment against the appellant, J. H. Hollingsworth, for the ten per cent. damages on the amount of the judgment superseded by the appeal, viz.:$180.00. For this sum of $180.00 and interest, the $1,532.76 and interest he recovered by the original judgment of the circuit court, and $51.00, the costs of the action in that court, all aggregating $2,040.51, appellee caused an execution to be issued in his favor against the appellant, J. H. Hollingsworth, which while in full force was placed in the hands of the sheriff of Hickman county and was by that officer returned "no property found." Following the return of this execution, appellee brought an action in the Hickman circuit court upon the appeal bond whereby the judg-

ment of the circuit court in his favor had been superseded by the appellant, J. H. Hollingsworth, for the purposes of the appeal that was later dismissed. As the appellants, E. G. Hollingsworth and Robert Hollingsworth, were the sureties of J. H. Hollingsworth in this bond, they were made parties defendant in the action and judgment prayed against them for the damages amounting to $2,040.51, alleged to have been sustained by appellee upon and by reason of the appeal. Though duly summoned none of the appellants appeared or made defense to the action. Consequently judgment in favor of appellee went against each of them by default for the amount of the damages claimed.

Upon this judgment an execution was duly issued against the appellants, which, upon being received by the appellee, J. O. Evans, sheriff of the county, was while in full force levied by him on certain live stock and other personal property of the appellants, E. G. and Robert Hollingsworth. It was to prevent the sale of the property thus levied upon in satisfaction of the execution, and any further attempt to collect the execution or otherwise enforce satisfaction of the judgment recovered against them on the appeal bond by the appellee Avey, that this action was brought and the injunction obtained by the appellants. The petition attacks the original judgment of $1,532.76 rendered by the Hickman circuit court in favor of the appellee Avey against the appellant, J. H. Hollingsworth, this day affirmed by us on the second appeal, as previously stated, charging that it was obtained by fraud, but without specifying the fraud. The petition also sets up as grounds of attack upon the judgment in question the several matters of defense alleged in the answer filed by J. H. Hollingsworth in that action and therein relied on to prevent the recovery of the judgment; overlooking the fact that those matters are *res adjudicata*. Nothing is alleged in the petition by way of attack upon the default judgment obtained against the appellants E. G. and Robert Hollingsworth by Avey in the action on the bond, and no excuse given for their failure to make defense to that action, if any they had. In brief, the petition is so devoid of merit as to beget the suspicion that the only object of the action was to suspend and delay by the injunction the enforcement of the original judgment until the appeal taken therefrom could be disposed of by the Court of Appeals.

But laying aside what might be further said of the want of merit in the petition, the appeal attempted to be prosecuted in the instant case from the order of the circuit judge dissolving the injunction, cannot be entertained by this court for reasons so patent that they should be understood without being recited. First, there has been no trial or decision of the case on its merits or final disposition made of it in the circuit court. Therefore, the order complained of is merely an interlocutory order from which an appeal will not lie. Second, the Court of Appeals is without authority to review the order of a circuit court or judge granting or dissolving an injunction, except upon an appeal from a final judgment in the case. In such case as we here have the remedy of the complaining party is declared by the Civil Code, section 297, which authorizes him to apply within twenty days to a judge of the Court of Appeals for the dissolution or modification of an injunction that may have been granted by the circuit court, or for its reinstatement if dissolved by that court; and this remedy is exclusive. Civil Code, section 297; Bennett, et al. v. Blankenship, 177 Ky. 499; Moss v. Eubank, 176 Ky. 769; City of Newport v. Veith, 144 Ky. 501; Kelly v. Pulaski Stave Co., 127 Ky. 155. Appellants have failed to avail themselves of this remedy, and, as upon the record presented we are without jurisdiction to review the order of the circuit court of which they complain, the appeal is dismissed.