IDA LEVIN, ADMINISTRATRIX, APPELLEE, v. LOUIS MUSER, ADMINISTRATOR, APPELLANT.

FILED NOVEMBER 26, 1921. No. 22025.

1. **Appeal: FINAL ORDER.** Where the statutory method of revivor is followed and a conditional order of revivor made and, in pursuance thereof, an absolute order entered, such latter order is, in this state, a final order and appealable, under the provisions of our statute. Rev. St. 1913, sec. 8176.

2. **Revivor.** Where an action for damages, grounded on negligence causing death, is brought against a defendant, and the defendant dies pending the proceeding, *held*, that the action may be revived and continued as against the representative of his estate by reason of the provisions of section 8023, Rev. St. 1913.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Former judgment of dismissal vacated, and judgment of district court affirmed.*

Levin v. Muser.

*Guy R. C. Reed,* for appellant.

*Wymer Dressler,* contra.

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

FLANSBURG, J.

This is an action by plaintiff to recover damages arising by reason of the death of plaintiff's husband, whose death, it is charged, was caused by the negligence of the defendant drug company and its proprietor, Carl T. Schmidt, in selling to the deceased unlabeled poison. After the commencement of the action, defendant Schmidt died.

On plaintiff's motion, a conditional order of revivor was entered, and, in pursuance of that order, the court, on a finding that no sufficient cause had been shown against revivor, ordered the action revived as against Louis Muser, administrator of the estate of Carl T. Schmidt, deceased. From that order reviving the action the defendant Muser appeals.

Plaintiff insists that the appeal should be dismissed for the reason that the order of revivor is not a final order, nor appealable.

A final order, as defined by our statute (Rev. St. 1913, sec. 8176), is "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, *and an order affecting a substantial right made in a special proceeding,* or upon a summary application in an action after judgment."

In some jurisdictions, it is true, under somewhat similar statutes, an order made in a "special proceeding," before it can be appealable, must not only affect a substantial right but must, also, either have the effect of a final order in that proceeding, or prevent a judgment from which an appeal might be taken (3 C. J. 544, sec. 384), but in this state the statute has been so construed that an order affecting a substantial right, when made

in a special proceeding, has been held to be appealable, even though it does not terminate the action, nor constitute a final disposition of the case. *O'Brien v. O'Brien,* 19 Neb. 584; *In re Estate of Broehl,* 93 Neb. 166.

Had the court in this case refused to allow a revivor, such an order would, without question, have been final and appealable, for it would have brought the entire matter, as to the one party at least, to a definite conclusion, and would so far have prevented a final judgment on the merits of the case. *Mackaye v. Mallory,* 79 Fed. 1. The order of revivor actually entered, on the other hand, though it does not terminate the case, nor prevent a final judgment on the merits, does affect a substantial right, and, if it can be held to be an order entered in a "special proceeding," will, under the decisions of this court cited above, be sufficient upon which to base an appeal.

In the cases of *Hendrix v. Rieman,* 6 Neb. 516, and *Missouri P. R. Co. v. Fox,* 56 Neb. 746, it is held that, where the special statutory method of revivor is followed, as distinguished from the procedure to revive by the filing of supplemental pleadings and the issuance of summons, in effect the commencement of a new action (note, 33 L. R. A. n. s. 576), and where the conditional order is made and, in pursuance thereof, an absolute order of revivor entered, as provided by statute, the absolute order conclusively adjudicates the matters regarding the right of revivor, and those questions cannot then be later tried along with the merits of the case, nor reviewed on an appeal from the final judgment. The statutory method of revivor seems to have been considered in those cases as an independent and special proceeding, rather than a provisional remedy which is merely ancillary, and incidental to, and a part of the main case. See 1 C. J. 1010, sec. 134. These decisions have, however, been recognized as a rule of practice in this state for many years, and there are decisions in other states to support the rule announced. *Voss v. Stoll,* 141 Wis. 267; *Uhl-*

*mann Fur Co. v. Gates,* 155 Wis. 385; *National Council of Knights and Ladies of Security v. Weisler,* 131 Minn. 365. An order of revivor entered in a special statutory proceeding is, under these decisions, a final order, from which an appeal may be taken.

The contention on behalf of the defendant that the pending action, based upon the alleged negligence of Schmidt, has abated by the death of Schmidt, is foreclosed by the decisions of this court in *Webster v. City of Hastings,* 59 Neb. 563, and *Sheibley v. Nelson,* 83 Neb. 501, which decisions are based upon section 8023, Rev. St. 1913, which reads as follows: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant." In those cases it is held that, where, from the nature of the case, the cause of action can continue—and this has been held true in actions for damages based on negligence—a pending action will not abate, even though it is not one of the actions mentioned in those provisions of the statute (Rev. St. 1913, sec. 8022) which declare that certain actions shall survive.

The dismissal of the appeal heretofore entered is vacated, and the action of the trial court, reviving the case against the administrator of the estate of Carl T. Schmidt, deceased, is affirmed.

JUDGMENT ACCORDINGLY.