Zimmerman, J.
 

 So far as we can ascertain, the precise question presented by these appeals has not previously been directly passed upon by this court.
 

 It is stated in 4 Corpus Juris Secundum, 233, Section 119:
 

 “An order or decree entered in the original cause reviving or continuing a suit on the. death of a party in favor of or against his personal representative or successor, not being a final order or decree, is not appealable, unless it is within the special provisions of the statute allowing appeals.”
 

 Section 12223-2, General Code, recites in part:
 

 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, * * * is a final order which may be reviewed * *.”
 

 In the opinion of a majority of this court the proceedings in an order of revivor do not assume the aspects of a special proceeding within the meaning of that term as used in Section 12223-2, General Code.' Such order is interlocutory in character and amounts to no more than a substitution of one party for another
 
 *4
 
 as an incident in the original cause. An order of revivor does not in effect determine the action and prevent a judgment.
 

 As we view the matter, the order of revivor does no more than bring before the court a person who is responsible for costs and who is capable of prosecuting or defending the action. The action in all essential respects remains the same and goes on to final hearing as if the death had not occurred. There is no decision of the court except that the action stand revived and no adjudication as to the rights of the parties; there is merely an order that the representative of the deceased party take the latter’s place in the action. The revivor in no sense represents the commencement of a new action but is simply a phase in the old one made necessary by the death of one of the parties. See
 
 Heirs of Ludlow
 
 v.
 
 Kidd’s Exrs., 3
 
 Ohio, 541, 546.
 

 As supporting the position taken, attention is first directed to the case of
 
 Ware’s Admr.
 
 v.
 
 Wilson,
 
 3 Ky. Opinions, 478. In that case Ware was sued for breach of promise and seduction. The issues were made in the defendant’s lifetime, but he died before trial. Plaintiff, upon notice and service, moved for a revivor which was granted over objection. An appeal from such order of revivor was taken to the Court of Appeals of Kentucky, on the grounds (1) that the action did not survive and (2) that the order of revivor was not made within the time prescribed by law. The court dismissed the appeal for want of jurisdiction, holding that the order of revivor was interlocutory; that it settled no rights in litigation in the original action; that it was not conclusive; and that its validity might be considered and reviewed on final hearing.
 

 In the course of the opinion in the case of
 
 Blum
 
 v.
 
 Pulaski County,
 
 92 Ark., 101, 102, 122 S. W., 109, 110, the following language is used:
 

 
 *5
 
 “The court is of the opinion that the order [of revivor] is not final in the sense that it concludes the rights of the parties to the action, and that the appeal in this case is premature. * * * The error of reviving the action, if error it be, is like any other erroneous ruling of the court, to be reviewed on appeal from the final decree in the cause. * * * here no judgment has ever been rendered which finally concludes the rights of the parties. * * * any error committed by the court during the progress of the proceedings may be corrected on appeal taken when the final decree is entered.”
 

 Lastly, we notice the case of
 
 Mackaye
 
 v.
 
 Mallory
 
 (C. C. A., 2), 24 C. C. A., 420, 79 F., 1, where the court stated in the opinion:
 

 “When a bill of revivor is dismissed, as this would practically determine the original cause by leaving it in a situation in which no further proceedings could be •had in it, doubtless an appeal would lie in favor of the party seeking a revival; but, if the revival is allowed, the order or decree allowing it does not finally dispose of the cause, and can be reviewed, if it becomes necessary, by an appeal from the final decree therein.”
 

 We recognize that there are cases indicating the contrary view but we are satisfied with the soundness and correctness of our conclusion. See
 
 Levin, Admx.,
 
 v.
 
 Muser, Admr.,
 
 107 Neb., 230, 185 N. W., 431, and the cases cited therein.
 

 The prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object.
 

 In the event judgments should be entered against the appellants upon the hearing of these causes on their merits, appellants may present on appeal the
 
 *6
 
 question of whether the orders of revivor were duly and properly made.
 

 It follows that the judgments of the Court of Appeals dismissing the appeals should be and hereby are affirmed, and the causes are refnanded to the Court of Common Pleas for further proceedings.
 

 Judgments affirmed and causes remanded.
 

 Weygandt, C. J., Bell and Williams, JJ., concur.
 

 Turner, Matthias and Hart, JJ., dissent.