Turner, J.
 

 The Court of Appeals decided the instant case on the authority of
 
 Squire, Supt. of Banks,
 
 
 *195
 
 v.
 
 Guardian Trust Co.,
 
 147 Ohio St., 1, 68 N. E. (2d), 312, 167 A. L. R., 255.
 

 Appellants contend that the
 
 Squire case
 
 should be overruled. Appellants say in their brief:
 

 “We respectfully submit the decision of this court in
 
 Squire
 
 v.
 
 Guardian Trust Co., supra,
 
 does not give due effect to the provisions of Article IV, Section 6 of the Constitution of Ohio, as amended effective January 1, 1945, and Section 12223-2, General Code, as originally enacted and as amended September 30, 1947, and presently in force, and should be overruled.”
 

 Appellants’ contention overlooks a provision in the amendment of Section 6, Article IV of the Constitution, effective January 1, 1945, which provides:
 

 “ * * * that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law.”
 

 An examination of the files of this court discloses that the
 
 Squire case
 
 originated in the Court of Common Pleas on December 30,1935. As shown by the record, the instant case was instituted February 16, 1944, and is to be decided under the constitutional provision in effect prior to January 1, 1945.
 

 While the writer of the present opinion wrote the dissent in the
 
 Squire case,
 
 and while Judge Matthias and Judge Hart, who concurred in such dissenting opinion, and the writer are still of the opinion expressed in such dissent, yet we believe that generally in procedural questions the doctrine of
 
 stare decisis
 
 should be recognized.
 

 In the case of
 
 Montana Horse Products Co.
 
 v.
 
 Great Northern Ry. Co.,
 
 91 Mont., 194, 7 P. (2d), 919, the Supreme Court of Montana concluded it had judged wrongly in a previous case, overruled it and decided
 
 *196
 
 the court would not follow it in the future, but sustained a recovery on a claim made by reason of the former decision. The court gave as its reason that a contract is made in consideration of the law in force at the time of its execution, whether it be statute law or a decision of the court, and that the construction given to a statute by the court, although erroneous, becomes and remains a part of it as much as though written into it.
 

 When the same question involved in the instant case arises in a case originating subsequent to January 1, 1945, we shall be free to entertain the contention that inasmuch as the jurisdiction of the Court of Appeals has been augmented or at least clarified, the doctrine of
 
 stare decisis
 
 will not apply.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.