PLATTE VALLEY NATIONAL BANK & TRUST COMPANY, SPECIAL ADMINISTRATOR OF THE ESTATE OF ROBERT P. ANDERSON, APPELLEE, v. BARBARA J. LASEN AND PAUL S. LASEN, WIFE AND HUSBAND, APPELLANTS.

732 N.W.2d 347

Filed May 25, 2007.    No. S-05-1073.

Larry L. Miller, of Curtiss, Moravek, Curtiss, Margheim & Miller, P.C., L.L.O., for appellants.

John A. Selzer, of Simmons Olsen Law Firm, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## I. NATURE OF CASE

This action was originally brought by Platte Valley National Bank & Trust Company (Platte Valley), as the *conservator* for Robert P. Anderson, to recover money and real property from Barbara J. Lasen and Paul S. Lasen. While the case was awaiting trial, Anderson died. The case was revived in the name of Platte Valley as *special administrator* of Anderson's estate. From the order of revivor, the Lasens appeal. The issue presented is whether an order of revivor is a final order from which an appeal can immediately be taken.

## II. SCOPE OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an

appellate court to reach a conclusion independent of the decision made by the lower court. See *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).

## III. FACTS

In an earlier case, the county court for Scotts Bluff County appointed Platte Valley as Anderson's conservator because he suffered from mental and physical disabilities that left him unable to manage his property and personal affairs. Anderson's adult daughter, Barbara Lasen, appealed and contended that she should have been appointed conservator. We determined it was in Anderson's best interests to have a disinterested third party appointed as his conservator and affirmed the judgment of the county court. See *In re Conservatorship of Anderson*, 262 Neb. 51, 628 N.W.2d 233 (2001).

In December 2001, Platte Valley, as conservator, filed the current action against the Lasens in the district court for Scotts Bluff County to recover money and real property the Lasens allegedly had improperly transferred to themselves and members of their family from Anderson's assets. Before the action could be tried, Anderson died on February 22, 2003. Anderson's grandchildren by his deceased son asked the county court to probate a will Anderson had executed in 1997. Attorneys for Platte Valley and the Lasens advised the district court of the will proceedings and requested that their action be stayed, pending the resolution of the probate case.

Barbara Lasen filed an objection to probate of the 1997 will and offered for probate wills that were allegedly executed by Anderson in 1998. A jury found that Anderson's 1997 will was valid and that the two 1998 wills offered by Barbara Lasen were the result of undue influence exerted upon Anderson by the Lasens.

On July 15, 2005, the county court entered an order admitting the 1997 will to formal probate. In that same order, the court found as follows:

> Now that the Will Contest has been resolved, and the . . . 1997 Will has been determined to be the valid last Will of the decedent, a general Personal Representative should be appointed for the decedent's estate and such Personal

Representative should be authorized to be substituted as Plaintiff in the District Court case brought against the Lasens. The appointment of a Personal Representative for this purpose should not be further delayed.

The county court then appointed Platte Valley as personal representative of Anderson's estate.

On July 19, 2005, Anderson's grandchildren by his deceased son moved the county court to amend its order and appoint Barbara Lasen's nominee as general personal representative of the estate on the condition that Platte Valley be appointed as special administrator for the purpose of maintaining the claims against the Lasens. The court sustained the motion, and Platte Valley was appointed special administrator.

On July 21, 2005, Platte Valley filed in the district court a motion to revive the action against the Lasens in the name of Platte Valley as special administrator of Anderson's estate. The motion was served on the Lasens' attorney. Platte Valley then filed a motion to amend the pleadings along with an attached amended complaint, which included in the caption the name of Platte Valley as "[s]pecial [a]dministrator." The Lasens objected to Platte Valley's motion to revive. A hearing was held on Platte Valley's motion to revive and motion for leave to file an amended pleading. Both parties appeared by their attorneys and offered evidence that was received by the district court.

On August 26, 2005, the district court entered an order reviving the action in the name of Platte Valley, as special administrator of Anderson's estate. The Lasens appealed from this order. This court transferred the appeal to its docket in accordance with its authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## IV. ASSIGNMENTS OF ERROR

The Lasens claim, restated, that the district court erred (1) in reviving the action when more than 1 year had passed since the order of revivor could have first been entered, (2) in determining that the Lasens consented to revivor by filing the joint stipulation after Anderson died, (3) in finding that the court had personal jurisdiction over the Lasens, and (4) in reviving the

action solely in the name of Platte Valley as special administrator when the action involved real property.

## V. ANALYSIS

█ Platte Valley argues that this court is without jurisdiction over the Lasens' appeal because the district court's order substituting the party plaintiff and reviving the action was not a final, appealable order. An appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006). Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.*

### 1. Two Methods for Reviving Actions in Nebraska

█ A pending action that survives a party's death must be revived in the manner provided by statute. *Fox v. Nick*, 265 Neb. 986, 660 N.W.2d 881 (2003). Nebraska law provides for two coexisting methods by which an action may be revived. The statutory procedures for revivor are set forth in Neb. Rev. Stat. §§ 25-1403 to 25-1420 (Reissue 1995 & Cum. Supp. 2006) and in Neb. Rev. Stat. § 25-322 (Cum. Supp. 2006). See *Fox v. Nick, supra*.

Under the first method of revival, a conditional order may be made on the motion of the representative or successor of the party who died. See §§ 25-1406 and 25-1407. This method contemplates that a hearing will be held on the conditional order of revivor and that if "sufficient cause be not shown against the revivor, the action shall stand revived." See § 25-1408.

Section 25-322 provides the alternate and independent method by which an action may be revived. See, *Fox v. Nick, supra*; *Hayden v. Huff*, 62 Neb. 375, 87 N.W. 184 (1901). Under § 25-322, when a party dies, "the court may allow the action to continue by or against his or her representative or successor in interest." This section confers authority upon the court to allow the action to be prosecuted by the representatives of the deceased party. For this purpose, supplemental pleadings may be filed and summons served as in the commencement of the action. *Rakes v. Brown*, 34 Neb. 304, 51 N.W. 848 (1892).

2. Appellate Review of Order Reviving Action

(a) Appealability of Revivor Orders Under
Existing Approach in Nebraska

In the case at bar, the Lasens argue that the order of revivor was immediately appealable because Platte Valley sought to revive the action under the method prescribed in §§ 25-1403 to 25-1420. Conversely, Platte Valley argues that the order was not immediately appealable because it claims to have revived the action under § 25-322.

This court has held that when the method of revivor set forth in §§ 25-1403 to 25-1420 is followed, a conditional order of revivor made absolute is a final order and appealable. See *Levin v. Muser*, 107 Neb. 230, 185 N.W. 431 (1921). In *Levin v. Muser*, on the plaintiff's motion, a conditional order of revivor was entered, and in pursuance of that order, the court revived the action after finding that no sufficient cause had been shown against the revivor. The defendant immediately appealed.

On appeal, the issue arose whether the revivor order was final and appealable. Based on our statutory definition of a final order found in Rev. Stat. § 8176 (1913) (now Neb. Rev. Stat. § 25-1902 (Reissue 1995)), this court concluded that the order was appealable, even though it neither terminated the action nor constituted a final disposition of the case, because it was made in a special proceeding and it affected a substantial right. We stated that in cases

where the special statutory method of revivor [i.e., §§ 25-1403 to 25-1420] is followed, as distinguished from the procedure to revive by the filing of supplemental pleadings and the issuance of summons . . . and where the conditional order is made and, in pursuance thereof, an absolute order of revivor entered . . . the absolute order conclusively adjudicates the matters regarding the right of revivor, and those questions cannot then be later tried along with the merits of the case, nor reviewed on an appeal from the final judgment.

*Levin v. Muser*, 107 Neb. at 232, 185 N.W. at 432. This revivor method was considered to be an independent and special

proceeding rather than a provisional remedy that was merely incidental to and a part of the main case.

## (b) Appealability of Revivor Orders
## in Other Jurisdictions

As described above, this court has held (at least under one revivor method) that a revivor order is immediately appealable. See *Levin v. Muser, supra*. Among other states that have addressed this issue, there is variance among the decisions as to whether an order granting revival of an action upon the death of a party is a final order from which an appeal may immediately be taken. See Annot., 167 A.L.R. 261 (1947).

An order reviving an action is immediately appealable in a few states other than Nebraska. See, *National Council K. and L. of S. v. Weisler*, 131 Minn. 365, 155 N.W. 396 (1915); *Missouri Slope Livestock Auction, Inc. v. Wachter*, 113 N.W.2d 222 (N.D. 1962); *Voss v. Stoll*, 141 Wis. 267, 124 N.W. 89 (1910).

Other states hold that an order reviving an action is merely interlocutory and not appealable before a final disposition of the case upon a final judgment. See, *Land v. Cooper*, 244 Ala. 141, 12 So. 2d 410 (1943); *Blum v. Pulaski County*, 92 Ark. 101, 122 S.W. 109 (1909); *Ray v. Anderson*, 117 Ga. 136, 43 S.E. 408 (1903), *overruled in part on other grounds, Southern Ry. Co. v. Atlanta Stove Works*, 128 Ga. 207, 57 S.E. 429 (1907); *Ware's Admr. v. Wilson*, 3 Ky. Op. 478 (1870); *Arthur v. Griswold et al.*, 60 N.Y. 143 (1875); *Squire v. Gdn. Tr. Co.*, 147 Ohio St. 1, 68 N.E.2d 312 (1946); *Tallarico v. Autenreith et al. (KERR, Aplnt.)*, 343 Pa. 325, 22 A.2d 700 (1941).

## (c) Revivor Order Not Final and Appealable

In *Squire v. Gdn. Tr. Co., supra*, the Ohio Supreme Court found that an order of revivor was not an order affecting a substantial right made in a special proceeding and thus was not immediately appealable. The court explained:

> Such order is interlocutory in character and amounts to no more than a substitution of one party for another as an incident in the original cause. An order of revivor does not in effect determine the action and prevent a judgment.
>
> As we view the matter, the order of revivor does no more than bring before the court a person who is responsible for

costs and who is capable of prosecuting or defending the action. The action in all essential respects remains the same and goes on to final hearing as if the death had not occurred. There is no decision of the court except that the action stand revived and no adjudication as to the rights of the parties; there is merely an order that the representative of the deceased party take the latter's place in the action. The revivor in no sense represents the commencement of a new action but is simply a phase in the old one made necessary by the death of one of the parties.

*Id.* at 3-4, 68 N.E.2d at 313.

In *Blum v. Pulaski County*, 92 Ark. at 102, 122 S.W. at 110, the Supreme Court of Arkansas stated that an order of revival

is not final in the sense that it concludes the rights of the parties to the action, and . . . the appeal in this case is premature. The order does not end the action, even if it be erroneous, for the action is still pending. The error of reviving the action, if error it be, is like any other erroneous ruling of the court, to be reviewed on appeal from the final decree in the cause.

See, also, *Mackaye v. Mallory*, 79 F. 1, 2 (2d Cir. 1897) (stating that revivor order "does not finally dispose of the cause, and can be reviewed . . . by an appeal from the final decree therein"); *Ware's Admr. v. Wilson*, 3 Ky. Op. at 479 (stating that revivor order "settles no rights in litigation in the original suit").

Our case law suggests that while an order of revivor under §§ 25-1403 to 25-1420 is directly appealable, a similar order under § 25-322 is not. See *Levin v. Muser*, 107 Neb. 230, 185 N.W. 431 (1921). With this distinction, whether an order of revivor is directly appealable may change from case to case, depending on the appellate court's determination of which revival path was taken. In our opinion, this distinction is an artificial one. A revivor order under either method serves the same purpose—it substitutes a party plaintiff or party defendant and allows the action to continue following the death of a party if the action does not abate by death.

When the Ohio Supreme Court determined that a revivor order was not final and appealable in *Squire v. Gdn. Tr. Co.*, 147 Ohio St. 1, 68 N.E.2d 312 (1946), Ohio's statutory scheme

provided methods for reviving actions that were similar to those currently found in this state. See *Squire v. Guardian Trust Co.*, 84 N.E.2d 99, 102 (Ohio Com. Pl. 1945) (stating that Ohio "legislature provided two methods of reviving a dormant action," and describing methods which are similarly found in Nebraska). See, also, *Fox v. Abbott*, 12 Neb. 328, 11 N.W. 303 (1882) (describing that Nebraska's revivor methods were similar to those found in Ohio).

Whereas this court has in the past differentiated between the two methods with regard to the appealability of a revivor order, the Ohio Supreme Court has not. The action in *Squire v. Gdn. Tr. Co., supra*, was revived under the conditional order method of revival, the same method before this court in *Levin v. Muser, supra*. The Ohio court held that the revivor order was interlocutory and not immediately appealable. Nothing in that court's opinion suggested the holding would have differed if the case had been revived under the alternative, supplemental pleading method.

Today, we disapprove previous decisions of this court holding that an order of revivor is a final, appealable order if rendered under §§ 25-1403 to 25-1420. In *Levin v. Muser, supra*, this court concluded that a revivor order under the predecessor to §§ 25-1403 to 25-1420 was made in a special proceeding and affected a substantial right. But subsequent jurisprudence of this court has shown that neither of those conclusions was correct. We conclude that an order reviving an action, regardless of the method under which revivor was sought, is not a final order and cannot be appealed until a final judgment in the case is rendered.

■ An order of revivor is not made in a special proceeding. A judgment rendered by the district court that is merely a step or proceeding within the overall action is not a special proceeding within the meaning of § 25-1902. *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). Moreover, both methods of revivor are set forth in the civil procedure statutes of chapter 25 of the Nebraska Revised Statutes. And we have found that special proceedings entail civil statutory remedies *not encompassed* in chapter 25. See, e.g., *In re Estate of Rose, ante* p. 490, 730 N.W.2d 391 (2007).

An order reviving an action also does not affect a substantial right. It simply substitutes "one party for another as an incident in the original cause." See *Squire v. Gdn. Tr. Co.*, 147 Ohio St. at 3-4, 68 N.E.2d at 313. Once a case is revived, a representative takes the place of the deceased party and the action continues. The fact that an order of revivor may move the case forward to trial does not mean that the order affects a substantial right of the opposing party. Ordinary burdens of trial do not necessarily affect a substantial right. See *Hart v. Ronspies*, 181 Neb. 38, 146 N.W.2d 795 (1966).

A revivor order "is not final in the sense that it concludes the rights of the parties to the action." See *Blum v. Pulaski County*, 92 Ark. 101, 102, 122 S.W. 109, 110 (1909). An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. *Lund v. Holbrook*, 157 Neb. 854, 62 N.W.2d 112 (1954). We have held that an order substituting a party is generally not an appealable order because it does not determine the rights of the parties in the cause. See *Hall v. Vanier*, 7 Neb. 397 (1878). We have also held that an order granting a motion to bring an additional party into a case is not a final or an appealable order. See *Lund v. Holbrook, supra.*

An order reviving an action is similar to other orders that are not directly appealable because they are merely steps within the overall action. For example, the denial of a summary judgment motion is not a final order and thus is not appealable. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003). Neither is an order granting partial summary judgment immediately appealable; while such order resolves certain issues, others are left unresolved, and the order does not dispose of the whole case. See *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998). An order overruling a motion for default judgment is also not a final, appealable order. *Mumin v. Dees*, 266 Neb. 201, 663 N.W.2d 125 (2003).

We now hold that an order reviving an action, whether the order was entered in proceedings under § 25-322 or under §§ 25-1403 to 25-1420, is not a final order from which an appeal may immediately be taken. The order may be reviewed after final judgment in the case. To the extent that *Willis v. Rose*, 223

Neb. 49, 388 N.W.2d 101 (1986); *Keefe v. Grace*, 142 Neb. 330, 6 N.W.2d 59 (1942); *Levin v. Muser*, 107 Neb. 230, 185 N.W. 431 (1921); *Missouri P. R. Co. v. Fox*, 56 Neb. 746, 77 N.W. 130 (1898); and *Hendrix v. Rieman*, 6 Neb. 516 (1877), hold otherwise, they are disapproved.

### 3. Request for Attorney Fees

Platte Valley contends that the Lasens brought this appeal merely to delay the proceedings against them and requests this court to award it attorney fees and costs for the appeal under Neb. Rev. Stat. § 25-824(4) (Reissue 1995). We decline to do so.

### VI. CONCLUSION

Because the district court's order reviving the action was not a final, appealable order, this court is without jurisdiction to address the substantive issue of whether revival was proper. Therefore, we dismiss the Lasens' appeal.

APPEAL DISMISSED.