O’Connor, C J.,
concurring.
{¶ 36} I concur in the majority’s decision, because I must.
{¶ 37} As the majority opinion makes clear, the result in this case is compelled by the court’s prior decision in State ex rel. Gross v. Indus. Comm., 115 Ohio St.3d 249, 2007-Ohio-4916, 874 N.E.2d 1162 (“Gross II”).
{¶ 38} I dissented, strongly, from the majority’s decision in Gross II, asserting that this court had wrongly decided to reconsider its prior decision in the case, State ex rel. Gross v. Indus. Comm., 112 Ohio St.3d 65, 2006-Ohio-6500, 858 N.E.2d 335 (“Gross I ”), and wrongly decided to find that the Industrial Commission abused' its discretion in determining that David Gross had voluntarily abandoned his employment by repeatedly disregarding his employer’s clear warnings that his misconduct in the workplace was endangering himself and others. See generally Gross II at ¶ 29-80.
{¶ 39} Five years later, I remain resolute that Gross II was wrongly decided and that the majority retreated from its holding in Gross I because of public criticism of that decision.
{¶ 40} But five years later, Gross II remains the law of Ohio.
{¶ 41} There appears to be no will to overrule Gross II in accordance with our decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus (“A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it”). I will not ignore precedent.
{¶ 42} As we set forth in our decision in Shay v. Shay, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 26, a justice’s dissenting view is, by its very nature, “ ‘a disagreement with a majority opinion,’ Black’s Law Dictionary (8th Ed. 2004) 506, without force of law or precedential value.” Though that opinion may be strongly held, as mine is here, it must yield to precedent.
[DJeference to an established majority opinion, despite a jurist’s disagreement with the opinion, is part of the court’s rich tradition of adherence to stare decisis. See, e.g., Taylor v. Natl. Group of Cos., Inc. (1992), 65 Ohio St.3d 482, 483, 605 N.E.2d 45 (Holmes, J., concurring) (“Although I *315 dissented in Elek v. Huntington Natl. Bank [(1991), 60 Ohio St.3d 135, 573 N.E.2d 1056], and still personally adhere to the view espoused in such dissent, the policy of stare decisis prevails, and I must concur with the majority on that basis”); Ewers v. Coldren (1949), 151 Ohio St. 193, 195, 85 N.E.2d 107 (“While the writer of the present opinion wrote the dissent in [Squire v. Guardian Trust Co. (1946), 147 Ohio St. 1, 33 O.O. 179, 68 N.E.2d 312], and while Judge Matthias and Judge Hart, who concurred in such dissenting opinion, and the writer are still of the opinion expressed in such dissent, yet we believe that generally in procedural questions the doctrine of stare decisis should be recognized”).
David W. Goldense and Libert Pinto, for appellee.
Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee.
As we stated in Galatis, whenever possible we must maintain and reconcile our prior decisions to foster predictability and continuity, prevent the arbitrary administration of justice, and provide clarity to the citizenry. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶43. That understanding is perhaps particularly true in cases driven by statutory interpretation and any legislative response to that interpretation. See Square D Co. v. Niagara Frontier Tariff Bur., Inc. (1986), 476 U.S. 409, 424, 106 S.Ct. 1922, 90 L.Ed.2d 413, quoting Burnet v. Coronado Oil & Gas Co. (1932), 285 U.S. 393, 406, 52 S.Ct. 443, 76 L.Ed. 815 (Brandeis, J., dissenting) (“As Justice Brandéis himself observed * * * in commenting on the presumption of stability in statutory interpretation: ‘Stare decisis is usually the wise policy because in most matters, it is more important that the applicable rule of law be settled than that it be settled right. * * * This is commonly true, even where the error is a matter of serious concern, provided correction can be had by legislation’ ”).
Shay at ¶ 27-28.
{¶ 43} Because Gross II remains the law of Ohio, we are duty-bound to follow it until this court overrules it or the General Assembly acts to vitiate its holding. In light of the court’s opinion here, there should be no mistake that the remedy for Gross II, if there is to be one, must come from the legislative branch. I urge the General Assembly to act, but until it does, I must follow the law. I thus concur in the majority’s reasoning and judgment in this case.